By the Court.—Truax, J.
The papers on this appeal show that the plaintiff had employed the defendants as her attorneys to collect a certain claim for her; that they collected such claim, but that they did not pay over to her the amount of money that they had collected for her. A demand was made on the attorneys for the amount which the appellant claimed remained in their possession ; this demand was not complied with, and then the plaintiff brought an action to recover the-amount remaining unpaid, and recovered judgment for that amount with costs. Execution was issued on such judgment and was returned wholly unsatisfied. After such return of the execution the plaintiff, on affidavits and on the pleadings, made a motion to compel said defendants to pay the judgment recovered against them, as aforesaid. This motion was denied and the plaintiff appeals from the order denying this motion.
It was held by the special term, that by obtaining the *349 judgment aforesaid, the plaintiff no longer could proceed in this summary way to compel the defendants to pay the money, and the case of Bohanan v. Peterson, 9 Wend. 503, was cited as an authority for that proposition. This case is not an authority for that proposition. In the Bohanan case it appeared that the plaintiff in the action had settled the controversy between himself and his attorneys by taking a note from the attorney, and the court held that this note was a waiver of his right to proceed summarily against his attorney.
It is not necessary, for the decision of this appeal, that we should hold that a party waives his right to proceed summarily against his attorney by commencing an action to recover the amount claimed to be due from the attorney. This court has power over an attorney, only so far as relates to his conduct in an action in this court. Willmot v. Meserole, 16 Abb., N. S., 308.
'■ And the practice has always been to make a motion of this kind in that particular action in which the misconduct occurred. It does not appear before us that the defendants have conducted themselves in this particular action in such a manner that the summary power of the court should be invoked against them. The application should have been made in the original action in which the alleged misconduct was committed. It does not appear from the motion papers whether such action was or was not in this court; if it was not in this court, we cannot entertain this application.
The order appealed from is affirmed with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.