(24 Misc. Rep. 313.)

GABRIEL et al. v. SCHILLINGER FIREPROOF CEMENT & ASPHALT CO.

(Supreme Court, Special Term, New York County.   July, 1898.)

ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS.
    On an attorney's failure to pay costs with money his client paid him for that purpose, the client paid them, and secured a judgment therefor against his attorney, execution on which was returned unsatisfied.   *Held,* that a summary proceeding thereafter to compel him to repay the money, by motion in the cause in which the attorney was retained, was not barred by his client's pursuit of his remedy by action.

Action by Max Gabriel and Herman Schall against the Schillinger Fireproof Cement & Asphalt Company.   Motion to compel the return of moneys retained by plaintiffs' attorney.   Motion granted.

George B. Covington and Heyn & Covington, for petitioners.
William R. Wilder and Wilder & Anderson, for respondent.

DALY, J.   The verdict of the jury in the municipal court establishes that when the attorney received the $659.84 from his clients, the plaintiffs, it was upon the agreement that he was to pay any further claims, costs, or disbursements of himself and all other persons, arising out of two actions which he had commenced for the plaintiffs, and, consequently, that when it became necessary to discontinue one of such actions, because of the plaintiffs receiving satisfaction in the other (both involving the same claim), and the defendants in the action discontinued were awarded $186.30 costs, it was the duty of the attorney to pay such costs, and having neglected to do so, and his clients having been obliged to pay them to such defendants, he was bound to repay the amount.   The conclusive nature of the judgment entered upon the verdict in the municipal court in the action brought by the plaintiffs against their attorney to recover the $186.30 will not be disputed; but it is contended that the plaintiffs, having resorted to an action at law against their attorney, cannot now have the benefit of summary proceedings against him for professional misconduct, for the purpose of compelling a return of the money in his hands which he neglected to apply according to his agreement.   It is said that, where an action is pending against the attorney by the client, summary proceedings for the same cause will not be entertained.   3 Enc. Pl. & Prac. 111, 112,—citing Dean v. Bigelow, 19 Wash. Law Rep. 225; Cottrell v. Finlayson, 4 How. Prac. 242; Bohanan v. Peterson, 9 Wend. 503; People v. Brotherton, 36 Barb. 662; Van Tassel v. Van Tassel, 31 Barb. 439; Com. v. McKay (Ky.) 20 S. W. 276.   Authority is also quoted for the proposition that, if the client has proceeded to judgment in an ordinary action for money collected, it operates as a

merger of the relation of attorney and client into that of debtor and creditor, and is a bar to a summary proceeding. 3 Enc. Pl. & Prac. 112,—citing Butchers' Union Slaughter-House & Live-Stock Landing Co. v. Crescent City Live-Stock Landing & Slaughter-House Co., 41 La. Ann. 355, 6 South. 508; Chevalon v. Schmidt, 11 Rob. (La.) 91; Cottrell v. Finlayson, 4 How. Prac. 292; Ex parte White Sewing-Mach. Co., 31 N. B. 237; but contra, In re Grey [1892] 2 Q. B. 440. The latest authority in this state is Grangier v. Hughes, 3 N. Y. Supp. 828 (late superior court, general term, 1889), in which it is said that Bohanan v. Peterson, above, is not an authority for the proposition that by obtaining judgment the plaintiff lost the right to proceed summarily to compel the attorney to pay the money; and the court denied such an application because made in the action brought by the client, and not in the action in which the money was collected. The case of Cottrell v. Finlayson, 4 How. Prac. 242, was decided on the authority of Bohanan v. Peterson; but, as pointed out in Grangier v. Hughes, the court in the latter case denied the summary application because the client had waived his remedy by settling with his attorney and taking his note. One reason why the client's resorting to an action at law against his attorney in the first instance should not be deemed a waiver of his right to a summary application is because the proceeding by action is a proper method of ascertaining the facts by judicial inquiry before a tribunal best qualified to determine the dispute. A trial would have to be had in the summary proceeding, either by a referee, or by the examination of witnesses in court; and the attorney is not, therefore, put to unnecessary cost or expense by the resort to an action in the first instance, particularly where, as in this case, the action was brought in the municipal court, where the costs are not burdensome. In the Case of Grey [1892] 2 Q. B. 440, a judgment had been obtained by the client before the summary application was made; and the objection was taken that the latter remedy had been waived, or the right to it lost. The court said:

"The true way of dealing with this case is to deal with it according to the principle which was laid down in Re Freston, 11 Q. B. Div. 545, and recognized and approved of in Re Dudley, 12 Q. B. Div. 44. The principles so laid down is that the court has a punitive and disciplinary jurisdiction over solicitors, as being officers of the court, which is exercised, not for the purpose of enforcing legal rights, but for the purpose of enforcing honorable conduct on the part of the court's own officers. That power of the court is quite distinct from any legal rights or remedies of the parties, and cannot, therefore, be affected by anything which affects the strict legal rights of the parties. * * * So, if a solicitor obtains money by process of law for his client, quite irrespective of any legal liability which may be enforced against him by the client, he is bound, in the performance of his duty as a solicitor, to hand it over to his client, unless he has a valid claim against him. If he spends it, or if, still having it, he refuses to hand it over, he commits an offense as an officer of the court, which offense has nothing to do with any legal right or remedy of the plaintiff. Here the solicitor does not deny that he received this money, but he sets up a claim in respect of it, which, if valid, would have relieved him from the charge of a breach of his duty as solicitor. It has been decided against him by a jury that he had no valid claim to a large part of it, and, if the finding of the jury (which I think we cannot now question) is true, it follows from such finding that in keeping this money he did that which was contrary to his duty as solicitor. The client had, no doubt, a legal remedy for

recovery of the money, viz. by an action for the money had and received. But the two things (the breach by a solicitor of his duty as such, and the legal right of the client) are quite separate and distinct. * * * Anything that may have been a breach of his duty as a solicitor on his part before the judgment remains a breach of duty afterwards. * * * In the cases In re Ball, L. R. 8 C. P. 104, and In re Robinson, 10 Best & S. 75, it seems to have been held that where a solicitor has acted as in this case, and the client has taken civil proceedings, and obtained a judgment or order which is equivalent thereto, the court will not exercise its disciplinary power, whilst such judgment or order stands, and there is nothing to show that it will prove ineffective. But in neither of these cases does the court seem to have gone so far as to hold that, if the judgment can be shown to be ineffective, the court will not act on the independent disciplinary power which it has. Whether the court would, after the decision in Re Freston and in Re Dudley, go so far as the court did in Re Ball and in Re Robinson, I am not at present prepared to say, but I do not think those cases are any authority for the proposition that the court will hold its hand when the judgment is shown to be ineffective. Here execution was put in, and resulted in nothing."

In the present case it appears that execution upon the judgment which the clients have obtained against their attorney has been returned unsatisfied, and the case is therefore brought directly within the authority above quoted. The conclusiveness of the verdict of the jury makes it unnecessary to retry the issue as to whether the money received by the attorney was to be applied to just such a liability as arose upon the discontinuance above mentioned. The verdict has determined that the costs awarded upon that discontinuance should have been paid by the attorney out of the moneys he received from his client. He is therefore in the position of having in his hands money which in justice should be returned to the clients, because not applied to the purpose for which he received it, and which cannot be so applied, since the clients have been compelled to make the payment which he ought to have made.

The motion to compel the return of the money is granted, with $10 costs.