In re NEVILLE.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

ATTORNEY AND CLIENT—RETENTION OF MONEY—GIVING NOTE—COMPELLING
    PAYMENT—SUMMARY APPLICATION.
        Where an attorney, who has collected and converted to his own use
        money belonging to his client, gives his note for the amount, which the
        client accepts, the relation between them is thereby changed to debtor
        and creditor, and payment cannot be enforced by order of the court on
        summary application.

Appeal from special term, New York county.

Application by John H. Neville to compel his attorney, Edward J. Newell, to pay over money received by him as such attorney for petitioner. From an order granting the application, Newell appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

David H. Knapp, for appellant.
Henry Cooper, for respondent.

INGRAHAM, J. The petitioner alleges that he employed the appellant, an attorney at law, to take proceedings to procure his reinstatement as a member of the police force of the city of New York, and to recover all salary due and payable to him between the date of his re-

moval and his reinstatement, for which services the petitioner agreed to pay the attorney 75 per cent. of the amount that he might recover for the petitioner for the unpaid salary due and payable for such period. The attorney, under this retainer, procured the reinstatement of the petitioner as such police officer, and received as the back salary $4,148. The attorney paid to the petitioner $625, and kept the balance. The petitioner states that, upon his demand for the balance due him, the attorney stated that he was unable to pay at that time, and requested the petitioner to take his notes therefor, amounting in the aggregate to $397, payable three or four months after date, which notes the petitioner accepted and still retains; that, after the maturity of the notes, the petitioner demanded payment from his attorney of the amount thereof, which the attorney neglected and refused to pay, whereupon the petitioner instituted this summary proceeding to compel the attorney to repay him the amount of the notes.

There would seem to be no question but that there is here disclosed a gross violation of duty by the attorney in appropriating a portion of the money that he had collected for his client, and which, even under his 75 per cent. contract, he was bound to pay. When his client demanded payment of that sum, he said that he was unable to pay it. But when the client accepted the attorney's notes for the balance due he changed the relation that existed between himself and his attorney to that of debtor and creditor, and the payment of such an indebtedness should not be enforced by these proceedings. Under this agreement, the attorney was to have a fee of over $3,000 for conducting a proceeding to reinstate a policeman. Such a fee was, to say the least, an extremely liberal compensation for the services rendered, and the fact that the attorney used the balance of the money after he had received it for his own purposes, so that it was "inconvenient" for him to repay it to his client upon demand, would indicate that the attorney was guilty of unprofessional conduct, which deserves severe condemnation. The acceptation by the client of the promissory notes of the attorney for the repayment of the amount, with interest, precludes him from collecting the amount of those notes by this summary proceeding, and he must be left to his action at law to recover the amount due him on the notes.

The order appealed from should therefore be reversed, and the motion denied; but, considering the amount that this attorney has received, and his violation of his duty to his client, the reversal should be without costs. All concur.