## PAPA v. RINI.

(Supreme Court, Appellate Division, First Department. March 17, 1916.)

ATTORNEY AND CLIENT ☞126(1)—ACCOUNTING—SUMMARY PROCEEDINGS.

　　Where an attorney received money from his client to be applied to a specified purpose and converted it to his own use, he was liable in a summary proceeding, in which he could be ordered to return the money, although the client had thereafter taken a worthless note and a bad check from him; that being insufficient to create the relation of debtor and creditor, instead of attorney and client.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 264, 266–271; Dec. Dig. ☞126(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Summary proceeding by Pasquale Papa against Michael O. Rini, an attorney. From an order requiring the defendant to pay over certain moneys wrongfully retained, he appeals. Affirmed.

See, also, 157 N. Y. Supp. 1082.

Argued before CLARKE, P. J., and DOWLING, SMITH, PAGE, and DAVIS, JJ.

Herman Silverman, of New York City, for appellant.

Arthur C. Blatz, of Mt. Vernon, for respondent.

CLARKE, P. J. This is a summary proceeding to compel the appellant, an attorney at law, to pay over a sum of money received by him from a client in his professional capacity and wrongfully retained by the said attorney.

Upon the facts we entirely agree with the learned Special Term that the relation of attorney and client existed, and that the money was received by the attorney as such, and that it was his duty to pay over said sum to his client upon demand. It would not be necessary to say anything further, but for the fact that the appellant claims that the relation of attorney and client has been changed to that of debtor and creditor by reason of the fact that he gave to his client a worthless check for $50 and a note for $400, which is still in his possession, overdue, protested, and unpaid, and that therefore the court is ousted of jurisdiction to proceed by summary proceedings and the client must be relegated to an action at law, and cites as an authority Matter of Neville, 71 App. Div. 102, 75 N. Y. Supp. 588.

An examination of the record in the case cited disclosed these facts: The attorney under a written retainer had successfully concluded a litigation in favor of his client and had collected a sum of money, and there was no question as to the amount due to the attorney under his retainer. The attorney paid to his client a part of the money due to him, and claimed that as to the balance his client by a separate agreement had made a loan thereof to him, evidenced by a promissory note; that later, for the convenience of the client, two notes in lieu of the original had been given to him, interest upon the first note being paid at that time; and that he had subsequently made a considerable payment on one of the notes. The circumstances related clearly distinguish that case from the one at bar. We do not accept its authority for the broad proposition that the giving of a worthless check and note, protested and unpaid, and still in the hands of the client, ousts the court of its jurisdiction over the professional relations of its officer by way of summary proceeding.

In the Case of Grey, 2 Q. B. Div. 440, a judgment had been obtained by the client before the summary application was made, and the objection was taken that the latter remedy had been waived or the right to it lost. The court said:

"The true way of dealing with this case is to deal with it according to the principle which was laid down in Re Freston, 11 Q. B. Div. 545, and recognized and approved of in Re Dudley, 12 Q. B. Div. 44. The principle so laid down is that the court has a punitive and disciplinary jurisdiction over solicitors, as being officers of the court, which is exercised, not for the purpose of

enforcing legal rights, but for the purpose of enforcing honorable conduct on the part of the court's own officers. That power of the court is quite distinct from any legal rights or remedies of the parties, and cannot, therefore, be affected by anything which affects the strict legal rights of the parties. * * * So, if a solicitor obtains money by process of law for his client, quite irrespective of any legal liability which may be enforced against him by the client, he is bound, in performance of his duty as a solicitor, to hand it over to the client, unless he has a valid claim against it. If he spends it, or if, still having it, he refuses to hand it over, he commits an offense as an officer of the court, which offense has nothing to do with the legal right or remedy of the client. * * * "

That case was cited and followed in Gabriel v. Schillinger Fire Proof Cement & Asphalt Co., 24 Misc. Rep. 313, 52 N. Y. Supp. 1127, where a judgment had been obtained against an attorney by his clients, who had received from them a sum of money for a specific purpose, which he had failed to carry out. Execution had been issued and returned unsatisfied. Nevertheless the court held that summary proceedings would lie, and granted the motion to compel the return of the money; the court saying:

"He is therefore in the position of having in his hands money which in justice should be returned to the clients, because not applied to the purpose for which he received it, and which cannot be so applied, since the clients have been compelled to make the payment which he ought to have made."

If a judgment, the highest form of contract obligation, does not change the professional relation to that of debtor and creditor, so as to bar summary proceedings, certainly the giving of a bad check and note does not. The principle upon which summary proceedings rest is stated in Bowling Green Savings Bank v. Todd, 52 N. Y. 489, where Peckham, J., said:

"The practice in this state has been uniform to allow an attachment where the attorney retains money in his hands that justly belongs to his clients. That the unlawful claim is made in good faith has never been held, in our courts, to be an answer to the proceeding. In re Bleakley, 5 Paige, 311. Cases occur where the court exercises this jurisdiction over attorneys as officers of the court, in whose correct conduct as officers the dignity of the court itself is involved. The statute also authorizes it, but the statute is regarded as substantially an exposition of the common law. The 'misconduct' for which punishment is authorized is the retaining of a client's money without legal grounds. Withholding it in good faith is nowhere stated in our courts as a ground for exemption from this remedy. Graham's Pr. 52 et seq., and cases there cited. The law is not guilty of the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again."

The Supreme Court of the United States in Re Paschal, 10 Wall. (77 U. S.) 483, 19 L. Ed. 992, said:

"The application made on the first of these cases for an order on the respondent to pay money into court is in the nature of a proceeding as for a contempt. The application is based upon the power which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. For such improper conduct the court may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, punish them by fine or imprisonment, or discharge them from the functions of their offices, or require them to perform their professional or official duty under pain of discharge or imprisonment. The ground

of the jurisdiction thus exercised is the alleged misconduct of the officer. If an attorney have collected money for his client, it is prima facie his duty, after deducting his own costs and disbursements, to pay it over to such client; and his refusal to do this, without some good excuse, is gross misconduct and dishonesty on his part, calculated to bring discredit on the court and on the administration, of justice. * * * "

The Court of Appeals in Schell v. Mayor, 128 N. Y. 67, 27 N. E. 957, said:

"The principle upon which this exceptional remedy in such cases is based is the power which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In such cases the court, in vindication of its own dignity, or for the relief of the client when clearly wronged, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its power to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer."

In the case at bar the money was received by the attorney from his client for a specific purpose. It was not used for that purpose, but retained improperly by the attorney. The giving of a worthless check and note, instead of relieving the attorney from the control of the court by summary proceeding, was an aggravation of the offense.

The order appealed from should be affirmed, with $10 costs and disbursements to the respondent. Order filed. All concur.

