In the Matter of MICHAEL O. RINI, an Attorney, Respondent.

First Department, February 1, 1918.

**Attorney at law — disbarment — conversion of money belonging
to client.**

Attorney at law disbarred for converting to his own use money intrusted to
him for a specific purpose.

DISCIPLINARY proceedings instituted by the Association of
the Bar of the City of New York.

*Manfred W. Ehrich* of counsel [*Einar Chrystie*, attorney],
for the petitioner.

——————, for the respondent.

CLARKE, P. J.:

Respondent was admitted in April, 1907, to practice as an
attorney and counselor at law at a term of the Appellate
Division in the Second Department and has since practiced
in the First Judicial District. In June, 1914, the respondent
was retained by one Nicola Armato to represent his interests
in connection with an attachment brought against him by one
Peter Berta. Lina Armato, the wife of said Armato, claimed
the attached property and obtained possession by giving a

bond executed by a surety company. In order that Lina Armato might procure this bond one Filippo Sabella gave the respondent $300 to deposit as collateral with the surety company. Thereafter an action was commenced on said bond and a judgment recovered for the sum of $1,097.07. In January, 1915, Sabella on behalf of the defendant Armato gave to the respondent a check for $1,097.07 with which to pay the judgment. Respondent thereupon called upon the surety company and learned that it had applied the $300 received by it as collateral towards the payment of the judgment and the respondent then gave the surety company for the balance remaining due on said judgment a check for $795.22, out of the funds received by him from Sabella. The charge was that the difference between the amount received by Sabella and the amount paid to the surety company was converted by respondent to his own use.

The learned official referee has reported: " The testimony tendered by the petitioner in support of the allegation charging the respondent with converting the $300 is conclusive of the truth of the charge. The explanation given by the respondent is evasive, thoroughly unsatisfactory and cannot be accepted as a sufficient defense."

A supplemental petition containing further charges was filed by the petitioner pending the proceeding and was referred to the same official referee. In the second specification of the supplemental petition respondent was charged with misconduct as follows:

" In May, 1915, Donato Maro gave to the respondent $640 to be disbursed as follows: $140 to pay for the passage of Maro's sister from Italy to the United States and the remaining $500 to be deposited as security for an immigrant's bond, which the respondent was to procure so that Maro's sister might be permitted to enter the country. The money was paid upon the understanding that when the bond was cancelled, the $500 less the respondent's fees and disbursements was to be returned to Maro. Respondent had no occasion to use any of the money for the purpose for which it had been given him as Maro's sister died before respondent had arranged for her passage to this country. Instead of

returning this money to Maro respondent converted it to his own use. Maro and his wife have made repeated demands upon the respondent for the return of the $640 but they have only succeeded in recovering from the respondent the sum of $230 which amount has been paid in installments."

The learned official referee has reported as follows:

" The respondent has filed no answer to the specifications set forth in the supplemental petition, and has not appeared before me to contradict the testimony offered in proof of the above charge, although several adjournments were allowed him for that purpose. The testimony tendered in support of the charges set forth in the original petition and in the second specification of the supplemental petition establishes so clearly the respondent's guilt of the grossest misconduct as an attorney at law, that I directed the petitioner not to put in any proof in support of the charges set forth in the first and third specifications of the supplemental petition."

Upon examination of the testimony and of the exhibits we find that they fully sustain the conclusions of the learned official referee and we approve of the same. The evidence shows that respondent should no longer be permitted to exercise the rights and privileges of a member of a profession whose duties and obligations he has so flagrantly violated.

The professional conduct of this respondent was before this court in *Matter of Papa* v. *Rini* (171 App. Div. 796; affd., 219 N. Y. 575). That was a summary proceeding to compel the respondent to pay over a sum of money received by him from a client in his professional capacity and wrongfully retained by him, and this court said: " In the case at bar the money was received by the attorney from his client for a specific purpose. It was not used for that purpose but retained improperly by the attorney. The giving of a worthless check and note instead of relieving the attorney from the control of the court by summary proceeding was an aggravation of the offense." And we affirmed an order compelling him to pay over.

The respondent should be disbarred.

SCOTT, SMITH, PAGE and SHEARN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.