(104 So. 396)

**MALONEY v. FULENWIDER et al.**
**(6 Div. 270.)**

(Supreme Court of Alabama. April 9, 1925. Rehearing Denied May 21, 1925.)

**1. Pleading ⊂⊐32—Demurrer to counts in action for breach of contract properly sustained for failure to clearly allege contract.**

In action for breach of contract for sale of real estate, demurrer to counts in complaint, which did not plead contract, either in hæc verba or according to its relevant legal effect, and alleged contract too vaguely to enable court to affirm liability thereon, *held* properly sustained.

**2. Pleading ⊂⊐34(3) — Count in action for breach of contract for sale of real estate held insufficient.**

In action for breach of contract for sale of real estate where contract, exhibited with count, purports to be that of trustees of a certain estate, but does not purport to have been executed by one of such trustees, court cannot assume that trust might be executed by majority of trustees, especially where count proceeds on theory that trust could not be so executed, and count is insufficient.

**3. Trusts ⊂⊐261—Allegations held insufficient to show fraud on part of defendants in not disclosing certain facts.**

Counts alleging failure on part of trustees signing contract to inform plaintiff that there was a third trustee, or that third trustee would refuse to sign, *held* insufficient, in view of Code 1923, § 8050, to show fraud, where no duty to inform plaintiff of the facts was shown, especially where there were no allegations of misrepresentation.

**4. Contracts ⊂⊐94(8) — Contracting party must make inquiries and cannot complain that other party did not volunteer information.**

A contracting party must, by inquiry or examination, gain all knowledge he desires, and he cannot omit all inquiry and examination, and then complain that other party did not volunteer all information he had.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for breach of contract by H. N. Maloney against H. M. Fulenwider and another. Plaintiff takes a nonsuit, and appeals. Affirmed.

Haley & Haley and Nesbit & Sadler, all of Birmingham, for appellant.

A party who signs and delivers an instrument is bound by the obligation he assumes, although it is not executed by all parties for whose signatures it was prepared. Cutter v. Whittemore, 10 Mass. 442; Mattoon v. Barnes, 112 Mass. 463; Naylor v. Stene, 96 Minn. 57, 104 N. W. 685; State v. Regent L. Co., 196 Mo. App. 627, 190 S. W. 951; Muehlbach v. Railroad, 166 Mo. App. 305, 148 S. W. 453; Breiling v. Hybl, 167 Ill. App. 165; Dillon v. Anderson, 43 N. Y. 231; Thomas v. Caldwell, 50 Ill. 138. It is not necessary for a party to have title to real estate to make a valid contract to convey it. Breiling v. Hybl, supra; Gale v. Dean, 20 Ill. 320; Plummer v. Rigdon, 78 Ill. 222, 20 Am. Rep. 261; White v. Bates, 234 Ill. 276, 84 N. E. 906. A trustee may render himself individually liable in contracts made in his own name. 1 Elliott on Contr. 745. Willful misrepresentation or suppression of material facts constitutes fraud. Code 1907, §§ 2469, 4298, 4299.

Percy, Benners & Burr and Lange & Simpson, all of Birmingham, for appellees.

---

⊂⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The agreement was not binding until executed by all the parties thereto. 39 Cyc. 307; Graham v. Caperton, 176 Ala. 116, 57 So. 741; Hess v. Lackey, 191 Ind. 107, 132 N. E. 257; Davis v. Phillips (Tex. Civ. App.) 248 S. W. 448; Ely v. Phillips, 89 W. Va. 580, 109 S. E. 808; Herndon v. Meadows, 86 W. Va. 499, 103 S. E. 404. It was open to plaintiff to ascertain who were the trustees of the estate of A. L. Fulenwider. 12 R. C. L. 371.

SAYRE, J. This suit is brought by appellant to recover damages for the alleged breach of a contract between the parties for the sale of sundry parcels of real estate in and about the city of Birmingham. In the trial court demurrers were sustained to all counts of the complaint, whereupon plaintiff took a nonsuit with leave to review on appeal the several rulings complained of. Code 1923, § 6431.

[1] The demurrer to original counts 1, 2, and 3, was properly sustained for the reason that the contract, for breach of which the action is brought, is too vaguely alleged to enable the court to affirm a liability thereon; the same not being pleaded either in hæc verba or according to its relevant legal effect.

[2] Count 4 exhibits the contract alleged to have been breached. The contract so exhibited purports in its body to be the contract of "the trustees of the estate of A. L. Fulenwider." The count concedes, assumes, that the legal title to the parcels of land to be conveyed to plaintiff was in the trustees aforesaid, and that Mrs. A. L. Fulenwider was one of the trustees; but the contract exhibited with the count does not purport to have been executed by Mrs. Fulenwider. Otherwise the nature and terms of the trust are not disclosed. The court cannot, to favor the plaintiff, assume that the trust might be executed by a majority only of the trustees—the count proceeds on the theory that it could not be so executed—and so, it appears, plaintiff has shown upon the face of his declaration the futility of the contract upon which he declares. Like considerations apply in the case of counts numbered A and B as originally framed and as amended. 39 Cyc. 307.

[3, 4] Counts 5 to 11, both inclusive, appear to have been framed with the purpose to declare as upon a fraud perpetrated. The averments to that end do not suffice to show fraud. The counts proceed upon the idea that defendants committed fraud in failing to inform plaintiff that there was a third trustee—two only having signed—or that the third trustee would refuse to sign. But these alleged failures on the part of the defendants named in the counts would have constituted fraud only in the event the named defendants had been under duty to inform plaintiff of the facts. No such duty is made to appear in the relations between the parties or in the peculiar circumstances of the case. Code 1923, §

8050. Mr. Pomeroy states the nature of the situations out of which the duty to discover facts may arise as follows: Definite fiduciary relation between the parties; cases in which one party expressly reposes trust and confidence in the other; and cases in which the transaction itself, in its essential nature, is intrinsically fiduciary, and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties. 2 Pom. Eq. Jur. (4th Ed.) § 902. None of these situations or relations of confidence are shown in the counts under consideration. For aught appearing, the parties dealt at arm's length, and to them the following statement of principle was applicable:

"A party buying or selling property, or executing instruments, must, by inquiry or examination, gain all the knowledge he desires. He cannot proceed blindly, omitting all inquiry and examination, and then complain that the other party did not volunteer all the information he had. Such is the general rule." 2 Pom. Eq. Jur. note p. 1873.

There is no allegation of misrepresentation. The allegation in some of the counts that defendants failed to notify plaintiff that they did not intend to perform the contract added nothing to the counts. It is not alleged that defendants so intended prior to their failure to perform, nor that such intention in any event amounted to more than a failure to perform. But their failure to perform a contract that was no contract for lack of binding obligation constituted no cause of action.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.