146 So. 619

### ROQUEMORE v. SOVEREIGN CAMP, W. O. W.

#### 3 Div. 40.

Supreme Court of Alabama.

Jan. 26, 1933.

As Modified on Denial of Rehearing March 9, 1933.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

FOSTER, Justice.

One of the contentions on this appeal is that the motion as amended does not show that appellant collected the money claimed by the movant as an attorney, and that therefore the summary remedy provided by section 10267, Code, does not apply.

The rule in this respect was stated over a hundred years ago by an English court as follows: "Where an attorney is employed in a matter wholly unconnected with his professional character, the court will not interfere in a summary way to compel him to execute faithfully the trust reposed in him. But where the employment is so connected with his professional character as to afford a presumption that his character formed the ground of his employment by the client, there the court will· exercise this jurisdiction." Matter of Aitkin, 4 B. & Ald. 47, 49. This statement has been quoted and approved so often as to become a classic. See cases

cited in note 72, page 715, 6 Corpus Juris, and especially Anderson v. Bosworth, 15 R. I. 443, 8 A. 339, 2 Am. St. Rep. 910; Gabriel v. Schillinger Fireproof Cement & Asphalt Co., 24 Misc. 313, 52 N. Y. S. 1127; Emanuel v. Cooper, 153 Iowa, 572, 133 N. W. 1064; In re Day, 156 App. Div. 864, 142 N. Y. S. 62; 2 R. C. L. 1026.

In all of those cases money was paid by the client to his attorney to be used for some purpose in connection with professional business transacted by the attorney.

■■ It is not necessary under the statute that the money shall have been collected from some one other than the client. But, if the client pays money to his attorney to be used by the attorney in and about the business of the client which the attorney was employed to transact on account of his professional character, we think he collected such money within the meaning of the statute. The amended motion sufficiently shows a liability to summary process as thus defined, and the demurrer was properly overruled.

■ Another claim of the appellant is that there was error in overruling his demurrer to replication 5 to the plea of the statute of limitations. If the claim against an attorney for the failure to pay his client money collected for him does not accrue until demand is made, and, if the client cannot wait an unreasonable time to make the demand, and claim that his delay is not laches on his part (Kimbro v. Waller, 21 Ala. 376; but see 17 R. C. L. 768), the delay of the client to make the demand is not laches if it is actively caused by the conduct of the attorney (Bromberg v. Sands, 127 Ala. 411, 30 So. 510).

■ While the motion and replication sufficiently show that the money was collected by appellant as attorney for movant, they also show that he was directed to make a specific use of it for the benefit of movant, and in a manner analogous to an express trust or bailment in respect to the fund. Wright v. Paine, 62 Ala. 340, 34 Am. Rep. 24.

The exact status is therefore that of a suit by a trustor or bailor against the trustee or bailee for a misuse of the fund. As long as the bailee has possession of the fund, has not converted it, and is holding it under the contract, there is no default or cause of action by the bailor until there is a breach of duty by demand to return the fund or a failure to dispose of it as demanded or pursuant to the contract of bailment. 3 R. C. L. 118, § 40.

■ The replication undertakes to set up a fraudulent concealment of the conversion. But appellant claims that section 8966, Code, only applies to an action for deceit or when the cause of action is based upon fraud.

In Porter v. Smith, 65 Ala. 169, the action was against an attorney for the recovery of money collected by him. The defense of the statute of limitations was interposed, to which plaintiff replied invoking the benefit of this statute. The court referred to the fact that in equity upon equitable principles the rule existed, while in courts of law, before the statute, it was doubtful. But that the statute makes the equitable principle apply to all actions at law, but with a limitation of one year, whether relief is based upon fraud, or there is a "fraudulent concealment by the defendant." That was not a suit in deceit nor with fraud as the basis of the action, but for a breach of duty by an attorney in failing to pay over money collected.

This court has again applied section 8966, Code, to suits when fraud is not its basis, but shows that it is extended to other actions, and applies when the defendant has fraudulently concealed from plaintiff the existence of the facts on which the action is based. Tillison v. Ewing, 91 Ala. 467, 8 So. 404.

In the case of Weeden v. Asbury, 223 Ala. 687, 138 So. 267, at page 270, this court states that "section 8966 only applies where the cause of action arises out of fraud." It was not necessary to the decision in that case (the opinion in which is not otherwise questioned), and is contrary to our older cases. It is therefore dictum, and is not controlling. All the justices concur in this treatment of that case.

Among the cases of other states there is a conflict as to whether fraudulent concealment of a conversion operates to suspend the running of the statute of limitations without express provision of law. 37 Corpus Juris, 972; Porter v. Smith, supra. Though in some authorities it is said that the general rule is that it does have that effect regardless of a statute so providing. 17 R. C. L. 765. There is no doubt of the existence of this rule generally in equity, and our court has construed the statute to cover such instances as equity so treats it with a limitation of one year, and also has held that the one-year feature, by analogy, is applicable in equity. Am. Bonding Co. v. Fourth National Bank, 206 Ala. 639, 91 So. 480; Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507, 132 Am. St. Rep. 29; Mullen v. Walton, 142 Ala. 166, 39 So. 97; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Holt v. Wilson, 75 Ala. 58; National Surety Co. v. Coleman, 213 Ala. 377, 104 So. 821.

■ This state certainly has adopted the view, said to be made certain by the statute, that, when defendant fraudulently conceals from plaintiff the facts on which his action is based, the plaintiff has one year after a discovery of the facts in which to begin his suit.

We think that replication numbered 5 shows a relation inviting confidence and a concealment of the conversion equal to fraud, and facts which justify delay in making demand or instituting suit until the acquisition of such notice in 1931, not exceeding one year

as alleged in the replication. It shows an answer to the plea of the statute of limitations sufficient against the claim which appellant makes against it.

Concerning appellant's plea 4, which is in set-off, and to which the court sustained demurrer addressed to it because it is vague, uncertain, and indefinite, without sufficient statement of the facts constituting the claim, we think the ruling was without error. Such a plea must in ordinary actions contain averments with the certainty required of a complaint on the same cause of action, Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871; Lysle Milling Co. v. North Ala. Gro. Co., 201 Ala. 222, 77 So. 748; Carolina-Portland Cement Co. v. Ala. Con. Co., 162 Ala. 380, 50 So. 332; Greer v. Malone-Beall Co., 180 Ala. 602, 61 So. 285; 49 Corpus Juris 316, for it is a cross-action, rather than a defense, strictly speaking, Myles v. Strange, ante, p. 49, 145 So. 313.

While we have held that in summary proceedings under the statute "technical precision and accuracy in pleading are not required," and that a plea of set-off should not be measured by those strict rules (Bush v. Bumgardner, 212 Ala. 456, 102 So. 629), yet in such proceedings they must allege sufficient facts, with enough precision, to enable the opposite party to know from an inspection of them against what he is called on to make defense. Griffin v. State Bank, 6 Ala. 908.

Whether the motion or a special plea is under consideration, it is not reversible error to sustain a demurrer to it, if it is so vague, uncertain, and indefinite that the opposite party is not thereby informed of the substantive matter on which it is based. Plea No. 4 was of that sort, and was subject to such demurrer.

There is no bill of exceptions, and the only assignments of error relate to rulings on the pleadings which we have treated. Finding in them no reversible error, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.