233 So.2d 465

Doherty C. TONSMEIRE

v.

Arthur C. TONSMEIRE.

I Div. 539.

Supreme Court of Alabama.

March 19, 1970.

Rehearing Denied April 16, 1970.

Ralph Kennamer, Charles B. Arendall, Jr., and W. Ramsey McKinney, Jr., Mobile, for appellee.

Howell, Johnston, Langford & Finkbohner, and Simon & Wood, Mobile, for appellant.

456

HARWOOD, Justice.

In the action below, the plaintiff sought damages for an alleged libel published against her by the defendant.

The court below sustained the defendant's demurrers to replications filed to the defendant's plea of the statute of limitations. The plaintiff thereupon moved for a non-suit and dismissal with leave to appeal. This motion was granted.

This is the second time this cause has been before us on appeal. In the first appeal, we reversed the action of the lower court in sustaining demurrers to the complaint, it being our conclusion that the counts of the complaint were sufficient against demurrer. See Tonsmeire v. Tonsmeire, 281 Ala. 102, 199 So.2d 645.

After remandment and overruling of the demurrers to the complaint, pursuant to our opinion, the defendant filed a number of pleas. Plea 2 reads:

"For that the cause of action set forth in the complaint was not commenced within one year after it accrued and is therefore barred by the Statute of Limitations of one year."

Under Section 26, Title 7, Code of Alabama 1940, actions for libel and slander must be commenced within one year.

Upon consideration of the demurrers to the replications to the plea of the statute of limitations, the court entered a written order sustaining said demurrers, setting forth in this order:

"An order is being made in this case sustaining the defendant's demurrer to the plaintiff's Replications to the Plea of Statute of Limitations. I do not find any Alabama authority in point on this particular question, and it is my opinion under the law that the Statute of Limitations begin to run when the letter written by the defendant was received by the Rt. Rev. Msgr. Thomas M. Cullen, and even though the plaintiff did not know that the letter had been written, I do not believe this stops the Statute of Limitations unless the right to bring the action later comes under the influence of Section 42 of Title 7.

"It is my further opinion that the Replications filed by the plaintiff to the Plea of the Statute of Limitations does not allege sufficient facts to establish fraud on the part of the defendant which would give the plaintiff a right to file her suit within a year after discovery of alleged fraud."

After entry of the above order the court, on motions of the plaintiff, set the same aside and permitted the plaintiff to amend her complaint.

The plaintiff then added Count 5 to her complaint. This count claimed damages for false and malicious publication of the letter, allegedly on 3 July 1964, with intent to defame the plaintiff. The letter written by the defendant to the Rt. Rev. Msgr. Thomas M. Cullen is then set out in full.

It is to be noted that in the first four original counts the publication of the alleged libel is stated as being on or about 17 October 1960. The pleas, including Plea 2,

were refiled to the complaint as amended, and further and additional replications to the pleas as amended were filed. In every replication the date of the publication of the letter is stated to be 17 October 1960. Demurrers to all replications being sustained, the plaintiff again moved for a non-suit and dismissal. This motion being granted, the plaintiff perfected this appeal.

Section 42, Title 7, Code of Alabama 1940, referred to in the order of the court above provides:

"In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

While the above code section speaks of "actions seeking relief on the grounds of fraud," it has been applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action. Hudson v. Moore, 239 Ala. 130, 194 So. 147.

We see no need to set out in detail the contents of the numerous replications filed by the plaintiff to the plea of the statute of limitations to which demurrers were sustained. We think it sufficient to say that several of the replications set up, in varying manner, that while the letter containing the alleged libelous matter was published on or about 17 October 1960, by sending the same to Father Cullen, the defendant at the time of publication of the letter also published it to other persons, including "at least" a son of the plaintiff and defendant, and counseled them not to reveal the contents thereof to the plaintiff, and admonished Father Cullen in the letter that the alleged libelous matter was mentioned in the letter "in strict confidence."

The replications, or some of them, further assert that at the time of the publication of the libel, the plaintiff and

defendant occupied the fiduciary relationship of husband and wife, and the defendant at no time mentioned to her the contents of the letter, or its publication, and the plaintiff did not learn of the fraudulent concealment of the contents of the letter or its publication until 1 November 1963, and did within one year after the acquisition of such knowledge file her suit on 31 July 1964.

■ We think it so well settled as to dispense with the citation of authorities that a cause of action for libel begins to run at the time it accrues, that is, when the defamatory matter is published.

The letter written by the defendant to Father Cullen is set out in full in one or more of the counts of the complaint. It is therefore pleaded by the plaintiff.

According to this letter the plaintiff had left the marital abode long before the letter was written, and despite the defendant's continuous efforts to get her to do so, she had refused to return. She had hired detectives in an attempt to "get something" on the defendant. Divorce proceedings had been instituted prior to the writing of the letter and the intervention of Father Cullen as a counsellor. The clear inferences from the letter are that the plaintiff and defendant were completely estranged at the time of the writing of the letter, and had been for some time prior thereto. Animosity and ill feeling, and not trust and confidence, characterized their relationship.

■ Ordinarily the relation of husband and wife is a status calling for the exercise of utmost confidence in one for the other. Love, affection, and welfare of the family usually insure this confidential relationship. Cherpes v. Cherpes, 279 Ala. 346, 185 So.2d 137.

■ Where, as here, it appears that a married couple has become utterly estranged and trust and affection has vanished from their relationship, and they can be said to be married only because the marriage has not been terminated by divorce, it would be specious to conclude that a relationship, beclouded with antagonism, was a relationship of confidence and trust. See Rash v. Bogart, 226 Ala. 284, 146 So. 814.

We hold that as a matter of law, under the facts asserted in the plaintiff's pleadings, no relationship of confidence or trust existed between the plaintiff and the defendant at the time of the publication of the alleged libel.

The question is then posed, did the actions of the defendant in requesting those to whom he published the alleged libel, not to inform the plaintiff thereof, amount to fraud sufficient to toll the running of the statute of limitations?

It must be remembered that no representations of any sort were ever made by the defendant to the plaintiff. Was there then any duty on the part of the defendant to inform the plaintiff of the publication of the letter containing the alleged libelous matter?

■ In the absence of a confidential relationship, we know of no duty imposed by law obligating an alleged tort feasor to make known to one possibly injured by his acts the existence of a possible cause of action. Nor was there any duty on the part of those to whom the libel was published to inform the plaintiff of the alleged libel.

Since no duty to inform the plaintiff was cast either upon the defendant or those to whom he allegedly published the libel, plaintiff's reason for delay in filing her suit in reality resulted from ignorance of her alleged cause of action.

As stated in Underhill, Receiver v. Mobile Fire Dept. Ins. Co., 67 Ala. 45:

"Ignorance of right in the party complainant, there being no more than passiveness, mere silence on the part of his adversary, cannot be engrafted as an

exception on the statute of limitations, without a destruction of its wise policy and without an encouragement of negligence."

At most, the act of the defendant requesting the parties to whom the libel was published not to reveal it, was a negative and not a positive suppression of the existence of a possible cause of action.

Section 109, Title 7, Code of Alabama 1940, provides:

"Suppression of a material fact, which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case."

There was no confidential relationship between the plaintiff and defendant at the time the letter was published. Nor do the replications disclose any particular circumstances placing a duty on the defendant to speak.

■ To establish fraud by silence, facts should be averred from which a duty to speak arises—it should appear that the parties were not dealing at arms length. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Maloney v. Fulenwider, 213 Ala. 205, 104 So. 396. In the present case of course the plaintiff and defendant were not dealing with each other at all, either confidentially or at arms length.

In brief counsel for plaintiff argues strenuously that the pronouncements of Roquemore v. Sovereign Camp, W.O.W., 226 Ala. 279, 146 So. 619, and Lehigh Chemical Co. v. Celanese Corp. of America (U.S.Dist.Ct. of Maryland), 278 F.Supp. 894, compel the conclusion that this defendant's conduct amounted to a fraudulent concealment of plaintiff's cause of action and tolled the running of the statute of limitations.

In Roquemore, supra, the defendant, an attorney for the plaintiff had received funds from the plaintiff with which to pay a claim made against the plaintiff by one Snider. Roquemore converted these funds to his own use, but upon inquiry by the plaintiff as to the settlement of Snider's claim, repeatedly wrote the plaintiff misleading letters as to the status of the settlement with Snider. It was held that Roquemore's conduct was such as to toll the running of the applicable statute of limitations.

Thus in Roquemore, supra, there was a status of confidential relationship (attorney and client), and Roquemore made positive and fraudulent misrepresentations directly to the plaintiff. These facts are so different from those in the present case as to make Roquemore inapplicable to our present consideration.

In Lehigh Chemical Co., supra, the plaintiff amended its complaint to allege that the defendant knowingly and fraudulently concealed the fact that the libelous statement had been made and that the plaintiff, with due diligence, could not have discovered the fact of the libel until over two years later, that is on 31 July 1962. The defendant filed a motion to strike the amendment, but later abandoned the motion. The court therefore stated it would assume that the cause of action accrued on 31 July 1962. It cannot be gleaned from the opinion just what were the actions or conduct of the defendant in concealing the cause of action. This hiatus in the facts destroys the persuasiveness of this decision when it is attempted to be applied to the present case.

Counsel for plaintiff contends that the grounds of the demurrer to the replications were general only, and therefore not authorized by Section 236, Title 7, Code of Alabama 1940, which abolishes "general" demurrers in suits at law. (See innumerable cases annotated in the Code under this section.)

■ A court is fully justified in overruling general demurrers. In the present case of course the demurrer to the replications was not overruled, but sustained.

**460**

We pass over the question as to whether all of the several grounds of the demurrer raising the sufficiency of the replications as a bar to the action were, or were not, general in nature.

 This for the reason that where a replication to a plea does not set forth matters sufficient to avoid the defense asserted in a plea which would bar the cause of action asserted in the complaint, there can properly be no recovery. A general demurrer that is sufficient to alert a court to such defect is sufficient, since a court ex mero motu should deny a recovery in such a situation. See Butler v. Olshan, 280 Ala. 181, 191 So.2d 7, dealing with a general demurrer to a complaint failing to state a substantial cause of action.

That several of the grounds of demurrer to the replications were sufficient to call attention of the court to the insufficiency of the replications is evidenced by the fact that after the demurrers to the first set of replications had been sustained and the cause dismissed, the court set forth as a reason for its action that the replications did not set forth sufficient facts to establish fraud on the part of the defendant which would toll the statute of limitations. The court set aside this order of dismissal and permitted the plaintiff to file as an amendment to her complaint an additional count. The plea of the statute of limitations was again filed by the defendant, and additional replications to the plea were filed by the plaintiff again seeking to avoid the plea because of alleged fraud by the defendant in concealing the cause of action. Demurrers to these replications were filed and again sustained.

We have not set out these additional and rather lengthy replications. From our reading of them, we fail to see that any new or additional matter was set forth in them not already contained in the original replications considered at the time of the first order of the court sustaining the demurrers and dismissing the cause. We

therefore find no error in the action of the court sustaining the demurrers to the replications.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.