The outcome of this appeal turns on whether State Farm Mutual Automobile Insurance Company had a duty to its insured, Clyde Joseph Ling, to disclose that his personal injury claim against Crescent Transit Company, another of State Farm's insureds, was subject to the one year statute of limitations or, with intent to deceive him, did not disclose that fact.
Ling filed this action against State Farm claiming damages for fraud, deceit, misrepresentation and breach of fiduciary and confidential relationship. The action was tried on the theory that State Farm suppressed a material fact (that Ling's claim was subject to the one year statute of limitations) which it had an obligation to communicate to him arising from the confidential relations between them or from the particular circumstances of the case as contemplated by Code of Ala., Tit. 7, § 109. *Page 474 
This appeal is from a judgment entered upon return of verdict in favor of Ling in the amount of $20,000. We affirm.
There are two issues presented for review:
1. Whether under the facts of this case, State Farm, the insurer of both Ling and Crescent Transit, had a duty to disclose to Ling that a one year statute of limitations was applicable to his claim.
2. Whether, under the evidence, fraud was perpetrated grossly, maliciously, oppressively, and with intent to deceive and thus justified the award of punitive damages.
Ling and Crescent Transit were involved in an automobile accident on 27 November 1973, on the occasion of which both had automobile insurance with State Farm. The allowable conclusions and inferences to be drawn from the evidence in this case are sharply disputed, however, the jury was authorized to conclude from that evidence the following:
Ling promptly reported the accident to State Farm and was told everything would be taken care of but that he should call the claims office and report it, which was done. At this time State Farm had already determined that Crescent Transit was the party at fault in the accident. In the course of subsequent dealings, the evidence establishes, as Ling contends, that State Farm informed Ling it insured both him and Crescent Transit and it had assumed all responsibility for the accident. He was repeatedly assured by State Farm that he had nothing to worry about, the accident was entirely the fault of Crescent Transit and his expenses would be paid; State Farm would settle his claim. A relationship of natural trust and confidence in State Farm grew out of Ling's dealings with it by State Farm's friendly and reassuring words and actions from a position of superior knowledge of the subject of their dealings with Ling: insurance claims. Ling was lulled into a sense of security by, and relied upon, the words and acts of State Farm. With knowledge of the running of the statute of limitations, and without informing Ling, State Farm advised Ling shortly before the statute ran that it would require a doctor's report as a condition to settling the claim, however, it did not inform him that if the statute ran before receipt of the doctor's report it would not settle. It contacted him last on 21 November 1974
(the statute ran on 28 November, 12:01 a.m.). The claims adjuster reported to his superintendent on 3 December 1974 that no suit had been filed and requested advice "as to what my next move should be." In response, the adjuster was advised. "The statute has run. If you receive contact from the claimant, deny the claim." Actual losses suffered by Ling as medical expenses alone were $3,383.87.
In February 1975, Ling filed an action against Crescent Transit for damages for personal injuries and Crescent was granted summary judgment in that action on the basis of the one year statute of limitations.
The main thrust of Ling's action is fraud based upon Code of Ala., Tit. 7, § 109:
 "Suppression of the truth. — Suppression of a material fact, which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case."
He would also be entitled to recover if the proof satisfied the jury that State Farm failed to disclose material facts to him with an intent that he be deceived. A clear statement of the applicable rules of law governing this case is found in Chapmanv. Rivers Construction Co., Inc., 284 Ala. 633, 227 So.2d 403
(1969):
 "§ 109 is declaratory of the common law. In dealings between persons standing in confidential relations, the law imposes an obligation on one party to safeguard the interests of the other party with the same fidelity with which he safeguards his own. Withholding facts, material to be known, is a breach of such legal duty, regardless of intent to deceive, and is a legal fraud. When the circumstances of the particular case impose *Page 475 
a like duty, the same rule obtains. So reads the statute. In the absence of confidential relations, or special circumstances imposing a like duty, the rule seems settled that nondisclosure of facts to be fraudulent must be for purposes of deceit. * * *"
The record contains ample evidence that supports the jury's conclusion that a relationship of trust and confidence in State Farm by Ling was engendered through the actions and words of the agents of State Farm who dealt with him over the period of four days short of the one year period of limitations, of which they were well aware. This being true, it was the duty of State Farm to disclose to him that vitally material fact of the limited period of time during which he must negotiate the settlement that it assured him it stood ready to make. For a statement of the duty owed him in this regard see Brasher v.First National Bank of Birmingham, 232 Ala. 340, 168 So. 42
(1936).
We see no equation of the relationship between Ling and State Farm, under the evidence before the jury, with that of the estranged husband and wife in Tonsmeire v. Tonsmeire, 285 Ala. 454, 233 So.2d 465 (1970), relied upon by appellant. Testimony of one of State Farm's claims adjusters is enlightening. During his testimony he stated it was the policy of State Farm to control the claimants they dealt with; that he knew the statute was "probably going to run"; that he had "been reassuring and contacting Ling on a regular basis"; that "the very thing that he as an insurance adjuster tries to avoid is a claimant going to an attorney or filing a lawsuit"; that "the purpose of staying in contact with them is to get their trust and confidence so they will rely on him to settle and handle their claims"; and that "I suppose I had his [Ling's] confidence."
Neither the parties, in briefs or argument, nor this court, have found a precisely factually analogous authority in support of the position of appellant or appellee, although this case necessarily turns on how the particular facts are operative within the framework of governing principles of law. Brasher, supra. Proceeding from the premise that there was ample evidence to authorize the jury to conclude, as it must have, that a confidential relationship existed between the parties, with Ling's confidence reposed in State Farm, what, then, were the material facts that should have been disclosed to Ling which were not.
Those would include, we hold:
The fact that Crescent Transit was not only also insured by State Farm but also that in the negotiations with Ling it was protecting the interests of his defendant, Crescent. State Farm was in the position of representing two antagonistic interests; it should have disclosed fully the nature of its relationship with each. See Girard Fire and Marine Insurance Co. v. Gunn,221 Ala. 654, 130 So. 180.
In this case there was a duty to inform Ling of the time limitation within which his claim could be settled or after which it would be barred. State Farm says the limitation period is a matter of law and there can be no fraud from a concealment or misrepresentation as to it. The exception to that general rule is present here: State Farm with its special and superior knowledge of insurance claims procedures that invited and gained Ling's confidence which justified Ling's reliance upon the assurances of State Farm required disclosure by it and failure to do so was fraud. See Bank of Loretto v. Bobo,37 Ala. App. 139, 67 So.2d 77.
There was an intent to deceive evidenced by the last minute requirement of a doctor's report with knowledge the statute would run before the ability to furnish it. This would have been avoided by fulfilling the duty to disclose to him, in sufficient time, that the doctor's report would have to be in hand and settlement made within the one year period or his claim would be barred.
Appellant places great reliance on Baxter v. Royal IndemnityCompany, 285 So.2d 652 (Fla.App. 1973). It is cited for the proposition that in the instant case no confidential *Page 476 
relationship could exist between Ling and State Farm. In the cited case it was held that the relationship was the antithesis of a confidential or fiduciary one. Appellee agrees. We also agree. There is an evident distinction between Baxter and this case. There Baxter made claim against his insurer for policy limits under uninsured motorist coverage and offered to settle for policy limits although he sustained damages in excess of those limits. The insurer refused to settle until the fact of liability and extent of damage was fixed by arbitration as provided by the policy. Baxter was awarded the policy limits by arbitration, those limits were paid, after which Baxter sued for the excess, and other damages, on the theory that his insurer acted in bad faith. His action was dismissed for failure to state a claim and the Florida Appellate Court held he had no cause of action. The factual difference distinguishing Baxter from this case is very simple: from the outset, Baxter's insurer took an adversary stance, refused his demands, and make no assurances that it would take care of everything, etc., as were made in this case.
We therefore hold that under these particular circumstances, there existed the confidential relationship that required State Farm to disclose to Ling the one year limitation for bringing his action for personal injuries. We also hold there was sufficient evidence to authorize the jury to conclude that State Farm intended to deceive and injure Ling.
State Farm further contends there was no evidence in this case to support a jury award of punitive damages. We disagree.
Our cases have uniformly held that punitive damages may be awarded in actions for fraud if there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross. For a late holding to that effect see Old SouthernLife Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726
(1976).
From the testimony of the claims adjuster, the evidence in the record that State Farm's attorney had informed it that no suit had been filed, and State Farm directing the claims adjuster to deny Ling's claim because of the running of the statute of limitations, the jury could reasonably conclude that the actions of State Farm were of the type noted above. In addition, the assertion of the statute of limitations as an affirmative defense in Ling's suit against Crescent Transit adequately answers the questions concerning State Farm's "good faith." Undoubtedly the jury concluded that the fraud was malicious, oppressive, or gross; therefore, the award of punitive damages was justified.
AFFIRMED.
BLOODWORTH, MADDOX, JONES and ALMON, JJ., concur.