FAULKNER, Justice.
Chapman brought suit against Allstate for fraud and fraudulent misrepresentations. A jury returned a verdict in favor of Allstate and Chapman appeals. We affirm.
Chapman, a resident of Tennessee, was injured at a horse show in Montgomery in March, 1976, when she was kicked in the knee by a horse which Allstate’s insured, Eugene Hill, was unsaddling. Several days after the accident Hill told Chapman that he had a homeowner’s policy with Allstate, that he would report the accident to his insurer, and that if he did not have coverage, he would be responsible for Chapman’s Montgomery hospital bill. In May Chapman was contacted by Allstate and told that they would pay a maximum of $500 on her medical bills. Chapman made no other inquiries at that time. Shortly after she submitted her medical bills to Allstate, Chapman received payment of $500.
In the fall of 1976 Chapman again saw Hill and informed him that her medical expenses had exceeded his insurance coverage and had not therefore been paid by Allstate. Hill replied that he had $25,000 worth of liability insurance and would check to see why her expenses had not been paid in full. Upon inquiry to Allstate Hill was advised that the company had paid the limit of coverage under the medical payments provision of Hill’s policy and that Chapman’s only recourse was to file suit. Hill then conveyed this information to Chapman, who replied that she had contacted a Tennessee attorney about taking legal action.
In November, 1976, Chapman had further surgery on her knee and again forwarded her medical bills to Allstate with a letter which read:
[Dated November 22, 1976]
“Mr. Gene Hill, who has this policy, informed me that this policy would pay each time I was in the hospital if I had not been released by my Doctor.
“As you can see, I have been under a Doctor’s care continuously since 3-21-76, this being when the accident occurred.
“If this is not true, then maybe you should inform Mr. Hill that his policy is not what he thinks it is.
“Please let me know your results.”
Allstate responded as follows:
[Dated December 8, 1976]
“Enclosed are the medical bills sent to us. We have already paid the limit of our insured’s policy on medical payments.
*982 “Therefore, no further payment can be made.”
These letters were the basis of Chapman’s claim for fraud or fraudulent misrepresentation. Chapman’s letter to Allstate was not admitted at trial on the grounds that it was self-serving and contained hearsay as to Allstate.
Subsequent to this correspondence, in May, 1977, Chapman contacted an Alabama attorney about filing suit. Of course, by this time the statute of limitations had run on any negligence claim against Hill. Suit was actually filed against Hill and Allstate on May 2, 1978, alleging negligence against Hill and fraud and fraudulent misrepresentations against Allstate. The defendants denied the allegations and as affirmative defenses asserted the statute of limitations, assumption of risk, contributory negligence, and lack of legal detriment. Shortly before trial Chapman dismissed her claim against Hill and the ease proceeded to trial against Allstate alone. The jury returned a verdict in favor of Allstate.
As grounds for reversal Chapman alleges two errors in the trial proceedings: (1) the refusal to admit her letter to Allstate of November 22, 1976, and (2) a failure to charge the jury on certain aspects of fraud. In both instances there is serious question of whether or not anything has been preserved for our review, since the proffered letter was apparently withdrawn by Chapman’s counsel and no objection was made to the relevant portions of the charge. Nevertheless, we do not decide this question as we conclude that the best approach to this case is through an application of Rule 45 ARAP, which states:
“No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
In finding that the error, if any, has not injuriously affected Chapman’s substantial rights we note that Allstate had no duty to disclose the limits of Hill’s policy to Chapman or to explain to her the workings of liability coverage as opposed to the medical payments provision even upon her inquiry of November 22. Chapman and Allstate were adversaries, unlike the plaintiff and insurance company in State Farm Mutual Automobile Insurance Co. v. Ling, 348 So.2d 472 (Ala.1977), where State Farm insured Ling as well as the company which caused his injuries, thus creating a confidential relationship which was breached when the insurer misled Ling about the prerequisites to recovery against its other insured. In fact, if Chapman had asked Allstate point blank the amount of coverage under Hill’s policy that information could have properly been refused. Rule 26(b)(2), ARCP. Allstate’s letter fully informed Chapman as to why no further payments could be made, (i. e., the limit had been paid under the medical payments provision) and did not mislead or conceal any information which an adversary could be expected to reveal to his opponent. Additionally, Chapman had already been told by Hill that her only recourse was to file suit, a course of action which, for reasons unknown to us, Chapman did not pursue with the diligence demanded of litigants. Thus it is clear that, even if the letter had been admitted and the jury charged in the manner now requested by Chapman, she could not have recovered against Allstate for fraud or fraudulent misrepresentations since Allstate’s reply to Chapman’s letter was a proper and adequate response to that letter. Consequently, the alleged error did not injuriously affect Chapman and a reversal would be inappropriate.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.