TORBERT, Chief Justice.
The facts as found in the trial court’s order are as follows: On June 8, 1976, the plaintiff, Harris, entered a real estate contract for the purchase from Mr. and Mrs. Chambless of certain real property located in Montgomery County. Harris paid $500.00 as earnest money to the realtor, Irving Winter. Thereafter the Chamblesses agreed to allow Harris to forfeit the earnest money and cancel the contract. The realtor, Mr. Winter, then wrote a letter to Credit Reporting Company advising the Company that Harris owed him $8,000.00 as commission on the sale of real estate.
On February 24, 1977, Harris wrote Winter informing him that Winter had erroneously supplied the Credit Reporting Company with information that Harris owed Winter $8,000.00, and that unless this mistake was corrected Harris intended to sue Winter. On December 12, 1978, the First Alabama Bank refused Harris a business loan and assigned as its reasons Harris’ obligation to Winter reflected in the files of the Credit Reporting Company.
On February 16,1979, Harris sued Winter alleging “he (Harris) has been unable to obtain monies to re-open his business and earn a living and that his credit standing, financial responsibility and reputation in the community has suffered irreparable damage all because of the action which defendant wilfully, wantonly or maliciously brought about or caused to be brought about on December 12, 1978, and from which injuries continue to exist.”
Winter’s motion to dismiss this case, based on his assertion that the one-year statute of limitations (Code 1975, § 6-2-39) for libel actions had expired, was granted on May 28, 1979. Harris appeals. We affirm.
The appellant urges that the trial court’s order based on the one-year statute of limitations for libel actions, Code 1975, § 6-2-39, should be reversed for the two following reasons.
First, the appellant asserts that his cause of action does not sound in libel and therefore the one-year statute of limitations for libel actions is inapplicable. Appellant asserts that his cause of action is based on the intentional misrepresentation of his credit standing which interfered with his ability to conduct his business. Appellant argues that this cause of action was recognized by this court in Ringer v. First National Bank of Stevenson, 291 Ala. 364, 281 So.2d 261 (1973).
Alternatively, appellant argues that the one-year statute of limitations for libel actions does not bar his cause of action because the time does not begin to run for the purpose of the statute of limitations until the injury occurs. As authority for that proposition appellant relies on: Locomotive Firemen v. Hammett, 273 Ala. 397, 140 So.2d 832 (1962); King Homes v. Roberts, 46 Ala.App. 257, 240 So.2d 679 (1970); Sanderson v. Ford Motor Co., 483 F.2d 102 (5th Cir. 1973); and Garren v. Commercial Ins. Co., 340 So.2d 764 (Ala.1976).
*590 The second issue raised by the appellant will be addressed first. It is the law of Alabama that a cause of action for libel accrues when the libelous matter is published. Age-Herald Publishing Co. v. Waterman, 188 Ala. 272, 66 So. 16 (1913); Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921); Tonsmeire v. Tonsmeire, 285 Ala. 454, 233 So.2d 465 (1970). In Tonsmeire, Justice Harwood said, “We think it is so well settled as to dispense with the citation of authorities that'a cause of action for libel begins to run at the time it accrues, that is, when the defamatory matter is published.” Tonsmeire, 285 Ala. at 458, 233 So.2d at 467. Each of the four cases cited, supra, by the appellant for the proposition that a cause of action accrues when damage occurs is good law, but they are not authority in the instant case because none of those cases involved a cause of action for libel.
Appellant’s first argument was that his cause of action for intentional misrepresentation of his credit standing is not subject to the one-year statute of limitations for libel. Code 1975, § 6-2-39(a)(4). Appellant asserts that his type of cause of action was recognized by this court in Ringer, supra. Chief Justice Heflin did recognize a cause of action for fraud in Ringer under a similar factual situation. However, even if appellant’s cause of action was labeled as fraud rather than libel the length of the period of limitations would be the same. Code 1975, § 6-2-3. A cause of action for fraud accrues when the perpetration of the fraud is discovered by the victim of the fraud.
In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.
Code 1975, § 6-2-3.
In the instant case the appellant wrote the appellee a letter on February 24, 1977 concerning the alleged fraud or libel clearly illustrating his knowledge of those matters. The complaint in the instant case was filed on February 16, 1979. Whether the appellant’s cause of action sounds in fraud or libel the statute of limitations has run and the action is barred.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.