The plaintiff, Jerry Don Holdbrooks, appeals from a summary judgment granted on motion of the defendant, Central Bank of Alabama, N.A. (Central Bank), in an action for libel.
Holdbrooks had executed a personal guaranty on a note representing an indebtedness owed to Central Bank by Southern Heritage Furniture Company (Southern Heritage) of which Holdbrooks was president. The loan ultimately went into default, and foreclosure proceedings were instituted against the corporate debtor and the personal guarantors. Prior to filing an action seeking foreclosure, Central Bank issued a routine credit report to the Haleyville Credit Bureau. The report was received by the credit bureau on August 28, 1979, and indicated that Holdbrooks, doing business as Southern Heritage, was in default, and the bank was seeking foreclosure. Holdbrooks alleges that he first discovered the "false" statements in the credit report in January of 1981. He does not dispute the fact that foreclosure actually took place.
On March 23, 1981, Holdbrooks and his wife filed suit against Central Bank, alleging that the statements in the credit report constituted libel, and they had been denied credit and had lost business opportunities, among other damages, as a direct result thereof. Mrs. Holdbrooks's claim was dismissed with prejudice. The trial court granted Central Bank's motion for summary judgment against appellant Holdbrooks on the grounds that the suit was barred by the statute of limitations. We affirm.
Generally, an action for libel must be commenced within one year from the date of publication of the alleged libel, which in this case was August 28, 1979. Ala. Code 1975, § 6-2-39
(a)(4); Harris v. Winter, 379 So.2d 588 (Ala. 1980).
Holdbrooks contends that he is entitled to the benefit of the discovery rule contained in § 6-2-3, Code 1975, which provides:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."
He argues that Central Bank had a duty to disclose the alleged libel because of its confidential relationship with him. Its failure to do so, he asserts, is fraudulent concealment; therefore, he says, his cause of action did not accrue until his discovery of the libel.
We have recognized that § 6-2-3 may be "applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action." Tonsmeire v. Tonsmeire, *Page 1252 285 Ala. 454, 457, 233 So.2d 465, 467 (1970); Miller v. MobileCounty Board of Health, 409 So.2d 420 (Ala. 1982).
But it is well settled that in the absence of a duty to disclose material facts, a person's mere silence is not actionable fraud. Ray v. Montgomery, 399 So.2d 230 (Ala. 1980). There is, however, an obligation to communicate material facts in a confidential relationship or because of the presence of special circumstances. Code 1975, § 6-5-102.
A confidential relationship is defined as:
 "[A relationship in which] one person occupies toward another such a position of adviser or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests, or when one person has gained the confidence of another and purports to act or advise with the other's interest in mind; where trust and confidence are reposed by one person in another who, as a result, gains an influence or superiority over the other; and it appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side, there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed; in both an unfair advantage is possible. It arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another."
15A C.J.S. Confidential (1967). See, also, Floyd v. Green,238 Ala. 42, 188 So. 867 (1939); Raney v. Raney, 216 Ala. 30,112 So. 313 (1927).
A confidential relationship cannot exist between parties that are antagonistic towards one another. Tonsmeire v. Tonsmeire,285 Ala. at 458, 233 So.2d at 467. At the time Central Bank issued the credit report, the loan guaranteed by Holdbrooks had been declared in default and Holdbrooks had been informed of the bank's intention to file for foreclosure. There could have been no confidential relationship between the parties once the situation developed into a lawsuit between the bank and the principal debtor and the guarantors. Controversy and dispute underlie a lawsuit. A lawsuit necessarily implies the existence of opposing parties seeking to protect their respective rights and properties. We recognize that the foreclosure proceedings had not been initiated at the time the credit report was released. The undisputed facts, however, show that the bank and Holdbrooks realized a foreclosure proceeding was inevitable, and that Holdbrooks had acknowledged his obligation as personal guarantor of the note.
We hold that, as a matter of law, there was no confidential relationship between Holdbrooks and Central Bank at the time the alleged libel was published. Furthermore, there is no evidence of any particular circumstances which would obligate the bank to speak. The parties dealt at arm's length, and Holdbrooks was represented by counsel even before Central Bank filed for foreclosure.
We find the holding in Tonsmeire to be dispositive of this case. We there held:
 "In the absence of a confidential relationship, we know of no duty imposed by law obligating an alleged tort feasor to make known to one possibly injured by his acts the existence of a possible cause of action. Nor was there any duty on the part of those to whom the libel was published to inform the plaintiff of the alleged libel.
 "Since no duty to inform the plaintiff was cast either upon the defendant or those to whom he allegedly published the libel, plaintiff's reason for delay in filing her suit in reality resulted from ignorance of her alleged cause of action."
Tonsmeire v. Tonsmeire, 285 Ala. at 458, 233 So.2d at 468.
In Tonsmeire, the plaintiff wife sued her estranged husband, alleging libel. The suit was dismissed by the trial court because it was filed more than one year after the date of publication of the alleged libel. The plaintiff made the same argument appellant presents to this Court. The Court held inTonsmeire that there was no confidential *Page 1253 
relationship between antagonistic parties; therefore, the husband was under no duty to speak of the libel to his wife and was not guilty of concealing her possible cause of action.
In the absence of fraudulent concealment, the appellant's cause of action accrued on the date of publication, August 28, 1979, and his suit filed on March 23, 1981, was barred by the statute of limitations.
Appellant argued in the court below and in brief that Central Bank is estopped from pleading the statute of limitations because its conduct was an affirmative inducement to appellant to delay bringing action. Appellant produced no evidence to support his contention. In the absence of contradictory evidence in opposition to a motion for summary judgment which negates any issue of fact, the Court correctly found no genuine dispute of material fact on the issue of estoppel. Ala.R.Civ.P. 56; Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala. 1981).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.