**Carol J. SELLERS, Donald W. Sellers, Plaintiffs-Appellants,**

v.

**A.H. ROBINS COMPANY, INC., Defendant-Appellee.**

No. 82–7191.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1983.

Engel & Hairston, Griffin Sikes, Jr., Birmingham, Ala., for plaintiffs-appellants.

Mary Beth Mantiply, Mobile, Ala., E. Duncan Getchell, Jr., Richmond, Va., for defendant-appellee.

Before HATCHETT and CLARK, Circuit Judges, and SCOTT *, District Judge.

PER CURIAM:

In this diversity case, we must determine whether the trial court properly applied the Alabama fraudulent concealment tolling statute (Ala.Code § 6–2–3 (1975)). We affirm.

FACTS

Carol and Donald Sellers, husband and wife, were married in 1970 and live in Alabama. In April, 1972, Carol's doctor prescribed for her use and inserted a Dalkon Shield to prevent pregnancy. In late February, 1973, while the Dalkon Shield was in place, Carol was notified by her doctor that she was pregnant. From that time over the next several years, Carol had gynecological problems which included an abortion, periodic bleeding, severe pelvic pain, several operations, a hysterectomy, and removal of her fallopian tubes and ovaries.

Shortly after the A.H. Robins Company (Robins) introduced the Dalkon Shield in the marketplace, users began to complain about uterine infections, septicemia, septic abortions, and other serious gynecological problems. In 1974, while the Food and Drug Administration conducted hearings, Robins distributed nationwide to doctors a "Dear Doctor" letter recommending that the Shield's use be discontinued.

In December, 1980, Carol Sellers read an article in the Mobile Press Register, a local newspaper, about the Dalkon Shield, and the fact that it had allegedly caused serious injury to thousands of women. Before reading the article, Carol had not made any causal connection between the Shield and the injuries she had sustained. After reading the article, Carol and her husband filed this lawsuit in June, 1981; subsequently they amended their complaint in October, 1981. Carol's medical injuries were first sustained in 1973.

On a summary judgment motion by Robins, the district court found that Carol's negligence, misrepresentation, and fraud claims were barred by Alabama's one year statute of limitations; her warranty claims were barred by Alabama's four year statute of limitations. The court also found that Carol's claims for wanton and willful misconduct were barred by Alabama's six year statute of limitations. On the fraud claim, the district court stated that Alabama Code section 6–2–3 only suspends the running of the statute of limitations until a plaintiff of due diligence discovers or should have discovered his injury. The district court held that Carol Sellers should have known in 1973 of the causal connection between her medical injuries and the insertion of the Dalkon Shield. The district court granted the motion for summary judgment.

The sole issue is whether the trial court erred in granting Robins's summary judgment motion by holding that plaintiffs' claims were barred by the relevant statutes of limitations, and that defendant's actions did not constitute fraudulent concealment sufficient to toll the statute.

The relevant Alabama Statute states that:

In actions seeking relief on the ground of fraud where the statute had created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year in which to prosecute his action.

Ala.Code § 6–2–3 (1975). Although this statute speaks of actions based on fraud,

---

* Honorable Charles R. Scott, U.S. District Judge for the Middle District of Florida, was a member of the panel that heard oral arguments but due to his death on May 12, 1983 did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

the Alabama Supreme Court in *Tonsmeire v. Tonsmeire,* 285 Ala. 454, 233 So.2d 465 (1970), stated the following:

> While the above code section speaks of "actions seeking relief on the grounds of fraud," it has been applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action. *Hudson v. Moore,* 239 Ala. 130, 194 So. 147.

233 So.2d at 467. In Alabama, the expiration of a limitation period is tolled only until the plaintiff discovers, or should have discovered through the exercise of due diligence, his cause of action. *See Johnson v. Shenandoah Life Ins. Co.,* 291 Ala. 389, 281 So.2d 636 (1973); *Tonsmeire v. Tonsmeire,* 285 Ala. 454, 233 So.2d 465, 468 (1970); *Moss v. Davitt,* 255 Ala. 513, 52 So.2d 515 (1951).**

██ A plaintiff using section 6–2–3 to toll the statute of limitations bears the burden of proving fraudulent concealment. *See Mann v. Adams Realty Co.,* 556 F.2d 288, 294 n. 7 (5th Cir.1977); *Amason v. First State Bank,* 369 So.2d 547 (Ala.1979). A plaintiff using the tolling statute must allege, or on summary judgment establish, prima facie facts which show that the defendant fraudulently prevented discovery of the wrongful act on which the action is based. *Hudson v. Moore,* 239 Ala. 130, 194 So. 147 (1940). *Hart v. First National Bank of Birmingham,* 373 F.2d 202, 208 (5th Cir. 1967). *See also, Miller v. Mobile County Board of Health,* 409 So.2d 420 (Ala.1981) (a complaint which fails to allege fraudulent concealment does not state sufficient grounds for extension under section 6–2–3).

██ Carol Sellers has not established an issue of material fact that would tend to show that Robins had fraudulently concealed her cause of action. Instead, she provided numerous exhibits relevant to whether Robins fraudulently induced her to use the Shield, an issue not before the court. She presented over one thousand pages of documents, none of which addressed the issue of whether Robins purposely prevented her from pursuing her claims. These documents have little relevance. To defeat the motion for summary judgment, Carol presents advertisements for the Dalkon Shield taken from women's magazines and medical journals, and Robins's internal memoranda suggesting misrepresentations. Carol presented Robins's "Dear Doctor" letter which informed doctors of medical problems associated with the Shield. This letter is directly in opposition to Carol's allegations of fraudulent concealment.

In the recently decided Ninth Circuit case, *Sidney-Vinstein v. A.H. Robins,* 697 F.2d 880 (9th Cir.1983), a woman sued Robins charging that her gynecological injuries were caused by the Dalkon Shield. She, like Carol Sellers, brought her case many years after the Shield had been removed from the market. She was precluded from a cause of action by the statute of limitations unless she could present fraudulent concealment, thereby tolling the statute of limitations. Applying California law, the Ninth Circuit held that no claim for fraudulent concealment could be maintained because any fraudulent concealment that may have occurred ended as a matter of law in 1974 when Robins sent its letter to physicians warning of dangers related to the use of the Dalkon Shield and removed the Shield from the market.

We agree with the reasoning of the Ninth Circuit, but do not rely upon the 1974 Robins letter because the evidence does not reflect that Mrs. Sellers' doctors received that letter. By the time her Georgia physicians became aware of the controversy regarding the Shield, Mrs. Sellers had moved

---

** We are cognizant, however, that Alabama is not a "discovery" state for purposes of personal injury and medical and professional malpractice suits. In the absence of fraudulent concealment, the cause of action begins to run when it accrues, whether or not the injured party has discovered the tort or injury. *Garrett v. Raytheon Co., Inc.,* 368 So.2d 516, 519 (Ala. 1979). On the other hand, when the plaintiff alleges the fraudulent concealment of his fraud cause of action, the statute of limitations is tolled until the plaintiff actually discovers the tort or injury, or could have discovered the tort or injury through the exercise of due diligence.

from Donalsonville, Georgia, and the care of the physicians who prescribed the Shield, to Mobile, Alabama. In its opinion in *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 884 (9th Cir.1983), the Ninth Circuit relied heavily upon the following statement in one of its previous opinions:

> In the absence of fraudulent concealment it is plaintiff's burden, within the statutory period, to determine whether and whom to sue. Once a plaintiff knows that harm has been done to him he must, ... determine within the period of limitations whether to sue or not, which is precisely the decision that other tort plaintiffs must make.... [F]ailure of the [defendant] to ascertain and publish the fact of its negligence is hardly sufficient to constitute fraudulent concealment.

(*quoting Davis v. United States,* 642 F.2d 328 at 331 (9th Cir.1981), *cert. denied,* 455 U.S. 919, 102 S.Ct. 1273, 71 L.Ed.2d 459 (1982).)

The Alabama Supreme Court reached the same conclusion in *Tonsmeire v. Tonsmeire,* 285 Ala. 454, 233 So.2d 465 (1970), where the court said:

> In the absence of a confidential relationship, we know of no duty imposed by law obligating an alleged tort feasor to make known to one possibly injured by his acts the existence of a possible cause of action.
>
> . . . .
>
> To establish fraud by silence, facts should be averred from which a duty to speak arises—it should appear that the parties were not dealing at arms length. *Williams v. Bedenbaugh,* 215 Ala. 200, 110 So. 286; *Maloney v. Fulenwider,* 213 Ala. 205, 104 So. 396.

233 So.2d at 468.

Carol's cause of action was tolled until such time as she discovered, or should have discovered, through the exercise of due diligence, the facts constituting the fraud. She was a young woman with no history of gynecological problems. She received the Shield; a few months later she began to experience gross gynecological abnormalities. At no point, however, did Carol ask her doctors what caused her medical problems. A person exercising due diligence would have been prompted to inquire about the cause of such grave ailments.

Carol Sellers argues that the panel should ignore the reasoning of the Ninth Circuit and embrace, instead, the approach expressed by this circuit in *Knaysi v. A.H. Robins,* 679 F.2d 1366 (11th Cir.1982). In *Knaysi,* a diversity action, this circuit reversed the district court's dismissal of a Dalkon Shield case based on a New York statute of limitations defense. The plaintiff in *Knaysi* pleaded fraud on the part of A.H. Robins in order to equitably estop Robins from asserting a statute of limitations defense under New York law. *Knaysi,* however, unlike the case before us, is based upon the court's interpretation of New York case law and statutes. *Knaysi* involves New York's version of equitable estoppel. Totally different legal principles and statutes are at work in this case.

### CONCLUSION

Accordingly, we find that no issue of material fact exists as to whether Robins actively and fraudulently concealed Carol Sellers' cause of action. We affirm the decision of the district court granting Robins's summary judgment motion.

**AFFIRMED.**