SHORES, Justice.
This is an appeal from a judgment dismissing a complaint against defendant Graves. We affirm.
Plaintiff Robinson filed suit against Load King Manufacturing Company, claiming damages for personal injuries alleged to have occurred on September 21, 1981, while Robinson was employed by Graves Company, Inc. The complaint alleged that while so employed, Robinson was compacting trash, and a screw that was holding the mashplate on a Load King paper baler worked out, causing the plate to fall on Robinson’s head, resulting in serious bodily injury.
The complaint asserted a claim under the Alabama Extended Manufacturer’s Liability Doctrine against Load King. In its caption, but not otherwise, it named as a defendant fictitious party “C”, “that person, firm, or corporation responsible for the state of repair or condition of the equipment or machinery that the plaintiff was using on the occasion complained of.” Nowhere in the complaint, however, is a cause of action stated against any defendant other than the manufacturer, and that claim was, as noted, an AEMLD claim. No claim was alleged in the complaint against any defendant, fictitious or otherwise, on a negligence theory.
Robinson and Load King settled the case on June 7, 1983, and the court entered an order of dismissal as follows: “By stipulation of the parties, this action is dismissed with prejudice. Each party to bear its own costs, /s/ J. Bryan, Presiding Judge.”
Thereafter, on August 24, 1983, the plaintiff filed a motion to reconsider, which the trial court granted. On September 12, 1983, the plaintiff filed an amended complaint, seeking to substitute William T. Graves, Jr., for fictitious party “C.”
Graves filed a motion to dismiss, alleging that the complaint as amended showed on its face that the statute of limitations barred the claim against Graves. The trial court granted the motion. This appeal followed. We affirm.
As noted, there was no claim based upon negligence stated in the complaint. No claim of any kind was asserted against fictitious party “C.” Thus, there was no fictitious party for which Graves could be substituted. Therefore, there was no relation back of the amendment, and the trial court properly held that the statute of limitations had run on the cause of action asserted against Graves. Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala.1983). We have held, and we here reaffirm, that no greater particularity is required in alleging a claim against a fictitious party than is required against a named party. But, we also reaffirm the holding that, to toll the running of the statute, a cause of action must be alleged in the complaint against the fictitious party. Minton v. Whisenant, 402 So.2d 971 (Ala.1981).
The plaintiff also argues that, even though the statute of limitations has run, *795 Graves should be estopped to raise it. He bases this argument on the assertion that Graves should have produced a letter from Load King to him warning that adjustments should be made on the paper baler to prevent the kind of injury that the plaintiff suffered. He argues that Graves is guilty of fraud in concealing that document. The plaintiff produced no evidence in support of this claim. He did not show that he took Graves’s deposition or that Graves had misrepresented any fact to him. He merely shows that, after the case was dismissed as to Load King and after the statute of limitations had run, barring the claim against Graves, he learned that such a document existed.
In the absence of some evidence showing a duty on the part of Graves to come forward with this evidence, there is no fraud shown and, therefore, no basis for the application of the estoppel principle. The applicable rule was stated in Ton-smeire v. Tonsmeire, 285 Ala. 454, 233 So.2d 465 (1970), where the Court said:
“In the absence of a confidential relationship, we know of no duty imposed by law obligating an alleged tort feasor to make known to one possibly injured by his acts the existence of a possible cause of action....

“As stated in Underhill, Receiver v. Mobile Fire Dept. Ins. Co., 67 Ala. 45:
“ ‘Ignorance of right in the party complainant, there being no more than passiveness, mere silence on the part of his adversary, cannot be engrafted as an exception on the statute of limitations, without a destruction of its wise policy and without an encouragement of negligence.’

“To establish fraud by silence, facts should be averred from which a duty to speak arises — it should appear that the parties were not dealing at arms length.”
285 Ala. at 458-459, 233 So.2d at 468.
There is no evidence in the record which would support an inference that a confidential relationship existed between the plaintiff and Graves which established a duty on the part of Graves to speak. We hold, therefore, that the trial court did not err in dismissing the. complaint against Graves, because the cause of action is barred by the statute of limitations.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.