William AUWOOD, et al.

v.

**HARRY BRANDT BOOKING OFFICE, INC., et al.**

Civ. No. N–79–144 (PCD).

United States District Court, D. Connecticut.

Feb. 21, 1984.

Stephen M. Trattner, Washington, D.C., for plaintiffs.

John L. Calvocoressi, Calvocoressi & Gale, Hartford, Conn., for defendant Groton Cinema I & II, Inc.

Gerald F. Phillips, Phillips, Nezer, Benejmain, Krim & Ballon, New York City, for defendants United Artists Corp. and Paramount Pictures.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

*Issue*

■ Defendant Groton Cinema I & II, Inc., joined by defendants United Artists Corp. and Paramount Pictures Corp., have moved for a court trial as to the claims against them. Where plaintiffs' original complaint is accompanied by a general jury demand, timely under Fed.R.Civ.P. 38(b), plaintiffs' failure to reassert or restate the jury demand in subsequent amended complaints which add new defendants without affecting the basic character of the litigation does not constitute a waiver of the right of trial by jury as to the subsequently added defendants under Fed.R.Civ.P. 38(d). Accordingly, defendants' motion is denied. In view of the disposition of defendants' motion, plaintiffs' motion under Fed.R.Civ.P. 39(b) for a trial by jury as to these defendants is denied as moot.

*Facts*

Plaintiffs filed this action on May 22, 1979, seeking damages from a film booking agency and two local exhibitors of first-run films for alleged antitrust violations stemming from a conspiracy to "split" or divide the local market or markets in question for the showing of first-run films. An amended complaint, adding two new exhibitor defendants, including the movant Groton Cinema I & II, Inc. was filed November 21, 1979. A second amended complaint, filed June 15, 1980, corrected the name of one original defendant and amplified the conspiracy theory to include the claim that pressure by the exhibitors caused major motion picture distributors to refuse to do business with plaintiffs. A third amended complaint, filed October 8, 1980, added four major motion picture distributors as defendants, one of whom, Paramount Pictures Corp., is a movant herein. A fourth amended complaint, filed January 5, 1981, added another distributor, United Artists Corporation, the third movant herein. A fifth and final amended complaint, filed September 27, 1983, added as a party defendant the distributor United Artists Communications, Inc., formerly known as United Artists Theatre Circuit, Inc., the corporate parent of the movant exhibitor Groton Cinema I & II, Inc. Each amendment added the newly named defendants as conspirators. As claims against defendants have been settled, they have been dropped from successive complaints.

Accompanying the original complaint was a general jury demand. A general jury demand was endorsed upon the fifth and final amended complaint. No jury demand was reasserted in or immediately after the service of amended complaints one through four and the answers thereto. By joint motion, three defendants claim that plaintiffs' right to a jury trial of the issues as to them has been waived.

*Discussion*

■ Antitrust actions are generally triable to a jury. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). An affirmative demand must be made to give notice of and elect the right to a jury trial, Fed.R.Civ.P. 38(b); in the absence of a timely demand, the right is waived. Fed.R.Civ.P. 38(d). A waiver can be excused in the court's discretion, Fed.R.Civ.P. 39(b), but mere inadvertence in failing to serve a timely demand does not warrant the exercise of this discretion. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69 (2d Cir.1967). The technical requirements of Rule 38(b) must be complied with. *Ligouri v. New York, N.H. & H.R.R.,* 26 F.R.D. 565 (D.Conn.1961).

Upon instituting this action, plaintiffs timely and properly demanded trial by jury of "all the issues so triable." Fed.R.Civ.P.

38(c). The action was designated a jury case upon the docket, Fed.R.Civ.P. 39(a), and upon the civil docket. Fed.R.Civ.P. 79(a). In April 1983, movant Groton Cinema I & II, Inc. may have raised the question of a jury trial but no attempt to obtain a formal order for a court trial until after the issue was raised during a conference before the undersigned on January 9, 1984.

Movants' argument is twofold: (1) that plaintiffs' failure to serve upon them a jury demand as to the amended complaints waived plaintiffs' right to a jury trial as to them, and (2) that these defendants will be unduly prejudiced by a jury trial as contrary to their expectations. The court finds merit in neither of these contentions.

The court is not unmindful of the necessity of full and proper compliance with the requirements of Rule 38 in order to preserve a party's right, where such right exists, to a jury trial. *See, e.g., Rosen v. Dick,* 639 F.2d 82 (2d Cir.1980) (discussing the extent to which one defendant, who has not demanded a jury trial, may rely on another's jury demand):

> ... we ... urge that in the future the parties to complex litigation be more careful in protecting their · jury trial rights and in sparing the courts and themselves the avoidable expense, effort and delay by expressing their intentions clearly and in a timely fashion. *Id.* at 100.

Nothing the movants have cited nor the court has found supports the contention that plaintiffs failed substantially to comply with Rule 38.

██ The basic character of this action has not changed since the original complaint. Plaintiffs claim now, as they claimed then, that acting in concert and in violation of the antitrust laws, certain entities damaged their cinematic operation by effectively denying them access to first-run films pursuant to a market "split." It would be incongruous to hold a jury trial as to the original and the most recent complaints and not as to the intervening complaints and the parties added therein. The general jury demand in the original complaint ought to embrace later elaborations of the claim and additional defendants, so long as the character of the suit is not thereby changed. As a prior waiver cannot be rescinded by amendments which do not affect the basic character of the suit, *Lanza v. Drexel,* 479 F.2d 1277 (2d Cir.1973) (*en banc*), neither should a party be required to reassert, on pain of waiver, a previously stated jury demand in successive amendments, whether they add parties or not, so long as the same basic issues remain at the core of the litigation. Once a party has claimed a jury trial, all issues within that claim are to be tried to the jury whether extended to new parties and whether restated, as long as the substance of the claim is unchanged.

The notice requirement of Rule 38 is to inform the court and counsel of the party's election of a jury trial. A new notice serves no purpose except to inform new counsel who were not previously served. A subsequently appearing party can elect a jury trial as provided by the rules. If a prior notice is duplicated, nothing is lost. An added party need not elect a jury trial but cannot bar an opponent's rightful jury election. As one can easily ascertain whether a jury claim was previously made, by an inquiry of other counsel or of the clerk, reassertion of a jury claim serves no real purpose. The court does not and will not read the rules to require such.

Nor does the court find merit in defendant Groton Cinema's claims of prejudice in a trial before a jury. Firstly, any reliance on the absence of notice of a jury demand was not reasonable in light of the above, neither in late 1979, when movant was brought into the case, nor over the ensuing three years during which defendants, if in doubt, could have raised the question. The question is not whether movants have a right, if prejudiced, to preclude plaintiffs' properly exercised right to a jury trial; defendants have no such right. Further, no actual nor potential prejudice, if such can be said to exist in the necessity to try a case to a jury instead of to the court is found, and any found would be irrelevant.

Secondly, the interests of a single and expeditious resolution of this matter dictates against segregation of interrelated issues to be tried to the court as opposed to those to be tried to the jury. Of the present defendants, two—one brought in by the original complaint and one by the most recent complaint—do not and cannot challenge the jury demand. A third defendant—brought in by an amended complaint as were the movants—has not joined the instant motion and thus accepts and perhaps wishes a jury trial. If movants' motion was granted, trial of the issues as to three of the present six defendants must be to a jury and, as to the other three defendants, would be to the court. Such a procedure would be ripe for confusion, delay, and inconsistency in the trial of the complex issues presented and also would be a greater potential source of prejudice than the prejudice claimed herein by Groton Cinema.

Additionally, Groton Cinema's recitation that its involvement in the alleged conspiracy ought not reach a jury, due to its operation in a market separate from plaintiffs', offers no basis on which to ground the motion. If their claim is sound, other procedures are provided for in the rules by which their claim can be decided short of a jury determination. Conclusory allegations in discovery and procedural motions cannot suffice to present substantive questions which a defendant claims precludes its liability.

Defendants' Motion for a Court Trial is denied. By separate calendar, a further pretrial/settlement conference shall be scheduled for early May 1984.

SO ORDERED.