STEAGALL, Justice.
Defendants (J.T. Pinkerton, Joe Pinkerton, James L. Holston, Jr., Richard Hol-ston, Martha Jean Holston, Ruby Livingston, R.H. Clothier, Margaret Stutts, and A.H. Clothier)[1] appeal a Choctaw Circuit Court judgment holding that the plaintiffs. (James N. Pinkerton, A.H. Chestnut, Jr., Ann C. Dooley, and Elizabeth W. Chestnut) *450 held fee simple title to a certain parcel of property. We affirm.
The property in question was made part of a conveyance dated August 19, 1901, from J.S. Pinkerton and his wife Lucy Pinkerton, and Ralph N. Hudson and his wife Abbey J. Hudson, to the Choctaw Land and Mineral Company, a corporation. The Choctaw Land and Mineral Company was comprised of the following four stockholders, each of whom owned 16 shares of stock: J.S. Pinkerton, M. (Mack) Pinkerton, J.T. (Tom) Pinkerton, and Ralph N. Hudson.
In 1909, J.S. Pinkerton died intestate, leaving as heirs his four children: Mary Pinkerton Green, M. (Mack) Pinkerton, J.T. (Tom) Pinkerton, and Ida Pinkerton Hol-ston. Between 1909 and 1920, several conveyances were made by the Choctaw Land and Mineral Company allowing for the removal of timber and for a railroad right-of-way across the property.
On August 20, 1920, the property was sold for taxes to a Mr. Gray and a Mr. Dansby. On December 22, 1922, Gray and Dansby’s certificate of purchase was assigned to John Green, husband of Mary Pinkerton Green. John Green received a tax deed to the property on December 26, 1922, and on June 23, 1924, along with his wife Mary, he conveyed the property to Mack Pinkerton. It is through the June 23, 1924, conveyance to Mack Pinkerton that the defendants claim title to the subject property.
On August 14,1981, James N. Pinkerton, A.H. Chestnut, Jr., Ann C. Dooley, and Elizabeth W. Chestnut filed an action to quiet title on the subject property, claiming title as heirs and grantees of Mack Pinkerton. The case was tried ore terms on October 27, 1986. On September 16, 1988, the trial court entered a final judgment, finding that the plaintiffs were in actual and peaceable possession of the subject property, were the holders of record title by mesne conveyances to the property; were in actual, open, hostile, notorious, exclusive, and adverse possession of the property; and adjudging that the plaintiffs held fee simple title to said property and that the defendants held no title to said land. On appeal, the defendants argue that at the time of the tax sale, a tenancy in common existed among the decedents of J.S. Pinkerton as to the property in dispute, so that when Mack Pinkerton purchased the property on June 23, 1924, he was acting for the benefit of the other cotenants (specifically, Mary Pinkerton Green, J.T. (Tom) Pinkerton, and Ida Pinkerton Holston) in exercising their right of redemption in regard to the August 20, 1920, tax sale. The plaintiffs, as appellees, argue that at the time of the tax sale, title to the subject property was in the Choctaw Land and Mineral Company and not in the individual shareholders as tenants in common. Therefore, they argue, when Mack Pinkerton purchased the property, he was not acting in any capacity other than his individual capacity and was not exercising any right of redemption.
Defendants, in support of their argument, contend that shareholders in Alabama are “the equitable owners of corporate assets, including real property, to the extent of their interest,” citing American Cast Iron Pipe Co. v. Commerce & Industry Ins. Co., 481 So.2d 892, 896 (Ala.1985), and thus they argue that as heirs of J.S. Pinkerton they were the equitable owners of the property in question. However, their argument is true only to the extent that the shareholder, through its voting rights, has “ultimate control over the corporation ... to elect directors.” 481 So.2d at 896. This Court has stated:
“Indeed, the corporate asset[s] ... [are] equitably] owned by the shareholders in the proportion that their shares bear to the total outstanding shares in the corporation.”
Tomaras v. Papadeas, 358 So.2d 428, 430 (Ala.1978) (citations omitted). It is true that shareholders are the equitable owners of the corporate assets; however, the following has long been the rule in Alabama:
“It is elementary that a corporation is for the most purposes an entity distinct from its stockholders. By its very nature the corporate property is vested in the corporation itself and not in the stockholders.”
Martin Truck Line, Inc. v. Alabama Tank Lines, Inc., 261 Ala. 163, 166, 73 So.2d 756, *451 759 (Ala.1954). It follows, then, that an equitable owner has only a voting interest in relation to corporate assets, and not an ownership interest, which is vested solely in the corporation.[2]
Here, the descendants of J.S. Pinkerton held as tenants in common those 16 shares of stock formerly owned by J.S. Pinkerton. They were not tenants in common as to the assets of the corporation, including the property in question here.
Having found that no tenancy in common existed as to the land, we pretermit any discussion of alleged error as to the redemption issue, which is premised upon the existence of a tenancy in common between the parties.
The question, then, before this Court is whether the trial court erred in finding that the plaintiffs held title to the property in question. We have stated the following regarding actions to quiet title:
“The trial court is entitled to a presumption of correctness as to its findings of fact based upon evidence presented ore terms. In order to overcome this presumption of correctness, the appellant must show that the trial court’s findings [are] plainly erroneous or manifestly unjust.”
Parker v. Barnes, 519 So.2d 945, 947 (Ala.1988) (citations omitted).
Here, there was evidence from which the trial court could have ascertained that the plaintiffs held title to the property in question. We cannot say that its findings were plainly erroneous or manifestly unjust. The judgment of the trial court is, therefore, due to be affirmed.
88-134 AFFIRMED.
88-257 AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. R.H. Clothier, Margaret Stutts, and A.H. Clothier are the heirs at law of R.N. Hudson, one of the original shareholders of Choctaw Land and Mineral Company.

. Except in those situations represented by American Cast Iron Pipe Co., supra, where the sole shareholder owned 100% of the corporate stock and, therefore, held complete voting and ownership interests, i.e., ultimate voting authority and control.