[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 236 
Richard Poff, a law clerk at the law firm of Roden, Hayes, and Carter, P.C. ("the firm"), secretly photocopied records in the office of Robert Hayes, one of the shareholders in the firm. He copied them ostensibly to collect evidence to present to the Alabama State Bar regarding unethical practices he thought were occurring at the *Page 237 
firm. These practices resulted in a disciplinary proceeding being filed against Robert Hayes.[1]
After the disciplinary proceeding against Hayes was concluded, Hayes sued Poff, alleging trespass to real and personal property; conversion; malicious prosecution; and libel and slander. Poff was served with a copy of the complaint on September 30, 1997, and on October 21, 1997, he filed a "Motion to Dismiss/Motion for More Definite Statement." The trial court subsequently overruled Poff's motion to dismiss, but granted his request for a more definite statement. On January 14, 1998, Hayes filed his response to Poff's preanswer motion, after which Poff filed his answer; the answer contained a jury demand. The case proceeded through the discovery stage, and the trial court, by an order dated September 25, 1998, set the case for trial on December 14, 1998.
When the case was called for trial on December 15, 1998, the trial court granted Hayes's motion to strike Poff's demand for trial by jury. Poff vehemently protested, and was held in contempt of court and jailed. Poff was brought back into court on the afternoon of December 15, and the trial court then began to conduct a bench trial. Poff refused to testify when called as a witness; the trial court entered a judgment for Hayes and heard evidence on the issue of damages. The trial court then entered a judgment in favor of Hayes and against Poff for $1,151,501.
This case presents the question whether the trial court properly denied a summary judgment in Poff's favor on Hayes's claims, and, if so, then whether the trial court erred in striking Poff's demand for a trial by jury.
 I.
Poff was hired by the firm in November 1992 as a law clerk. At some point thereafter, he became suspicious of the billing practices of Hayes and his two partners. Specifically, Poff suspected them of improperly charging personal expenses to clients. Poff began to gather evidence against Hayes and the other partners by copying various documents and records located throughout the office, in such places as Hayes's credenza and the bookkeeper's office. The materials he copied included checks, credit-card statements, and the partnership's ledgers.[2] The ledgers were the only documents generated by the firm. Poff copied all of these items on the firm's photocopier, and he never removed the original documents from the premises.
On June 21, 1994, Poff filed a complaint with the Alabama State Bar, which initiated a disciplinary proceeding against Hayes. The Alabama Attorney General's Office and the Alabama Bureau of Investigation also became involved and began their own investigations of the billing practices at the firm. All of these events quickly became a subject of interest by Birmingham news media. As the events unfolded, Poff began to give the media information regarding the nature of the alleged improprieties. For example, on February 26, 1996, Poff wrote a lengthy letter to Scott Richards, a news reporter for a Birmingham television station, explaining his theory regarding how the firm disguised questionable billings in its ledgers. Poff's letter described the nature of the billings with particularity, by setting out specific transactions as they applied to certain clients. He then described how he believed the inconsistencies arose.
Subsequently, as news of the investigations and proceedings grew, former clients of the firm began to sue. One former client, Deborah Taylor, hired Poff as her attorney and sued Hayes and others for malpractice. Hayes, denying that he had *Page 238 
had any involvement in handling the case that was the basis for Taylor's claim, demanded to be dismissed as a party to her case. The trial court later granted Hayes's motion for a summary judgment in Taylor's case.
 II.
We first consider whether Poff was entitled to a summary judgment as to Hayes's four sets of claims. On this issue, the critical questions presented seem to be: (1) Who held the possessory interests in the real and personal property that are the subject of the trespass and conversion claims; and (2) when were the alleged defamations published? We first set out the rules that govern our review of a trial court's ruling on a motion for summary judgment.
"In reviewing the disposition of a motion for summary judgment, we utilize the same standard as. . . the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988) (citing Chiniche v. Smith, 374 So.2d 872
(Ala. 1979)); Rule 56(c) Ala.R.Civ.P. The movant has the burden of showing material facts, which, if uncontested, entitle the movant to a judgment as a matter of law. Woodham v. NationwideLife Ins. Co., 349 So.2d 1110, 1111 (Ala. 1977). Once the movant has made this showing, the opposing party then has the burden of presenting evidence creating a genuine issue of material fact.Danford v. Arnold, 582 So.2d 545, 546 (Ala. 1991); Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Moreover, the nonmovant must meet the burden of establishing the existence of a genuine issue of material fact by substantial evidence. Ala. Code 1975, § 12-21-12; Bass v.SouthTrust Bank of Baldwin County, supra. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Furthermore, this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412, 413 (Ala. 1990); Harrell v. Reynolds Metals Co.,495 So.2d 1381, 1383 (Ala. 1986); Wilson v. Brown, 496 So.2d 756,758 (Ala. 1986). With these principles in mind, we will consider the facts set out above as those to which the law must be applied.
 III.
The first count in Hayes's complaint alleges three causes of action: trespass to chattels, conversion, and trespass to real property. Because trespass to chattels and conversion are closely related claims, we will address them together, before discussing the claim alleging trespass to real property.
 A.
Hayes claims that Poff interfered with his possessory rights to records concerning his car-washing business, as well as the firm's ledgers, when Poff removed them for a brief period from where they were kept so that he could photocopy them. At the outset, we note that in trespass actions involving chattels, not all interferences with possession are actionable. Restatement(Second) of Torts, § 218 (1965), states: "One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or [does other things not pertinent here]." Thus, the initial question before us is whether the removal of Hayes's credit-card receipts, business records, and the firm's accounting ledgers was a "dispossession." *Page 239 
The Restatement defines "dispossession" to include the "taking of a chattel from the possession of another without the other's consent." Restatement (Second) of Torts, § 221. A dispossession is distinguished by the exercise of dominion and control in a manner that contravenes the plaintiff's possessory interest. See Restatement, § 221 cmt. b.
The evidence tends to show that Poff exercised dominion and control, albeit briefly, over Hayes's credit-card receipts, his business records, and the firm's ledgers, and that he consequently effected a dispossession of those items. Because "[a] dispossession is always a trespass to the chattel, and subjects the actor to liability for at least nominal damages for the interference with the possession," Restatement, § 222 cmt. a, Poff's argument that he did not substantially interfere with Hayes's possession is without merit as to the claims alleging trespass to chattels, but his argument is persuasive as to Hayes's conversion claims.
Conversion, as a cause of action, is closely similar to an action for trespass to chattels, see Wint v. Alabama Eye TissueBank, 675 So.2d 383, 384-85 (Ala 1996) (quoting Roberts and Cusimano, Alabama Tort Law Handbook, § 29.0, p. 598 (1990)), but these actions differ in that the tort of conversion requires a more extensive interference with the plaintiff's possession.Restatement, § 222 cmt. a, reads:
 "Normally any dispossession is so clearly a serious interference with the right of control that it amounts to a conversion; and it is frequently said that any dispossession is a conversion. There may, however, be minor and unimportant dispossessions, such as taking another man's hat by mistake and returning it within two minutes upon discovery of the mistake, which do not seriously interfere with the other's right of control, and so do not amount to conversion. In such a case the remedy of the action of trespass remains, and will allow recovery of damages for the interference with the possession."
The undisputed evidence tends to show that Poff removed all of the documents from Hayes's credenza or the bookkeeper's office for the sole purpose of photocopying them in order to support the ethics complaint he filed against Hayes and the other partners of the firm. After he completed this task, he returned each document to its original place. While this interference with possessory rights held by others constituted a dispossession, we conclude that the evidence shows that the dispossession did not seriously interfere with Hayes's possessory rights to the degree necessary to create an issue of fact as to whether a conversion occurred. Consequently, Poff was entitled to a summary judgment on Hayes's claim alleging conversion. On this claim, we render a judgment for Poff.
The claim alleging trespass to chattels requires additional examination, however. We must decide whether Hayes had a possessory right to the papers Poff photocopied. Initially, we note that there is no issue as to whether Hayes had a right to possession of the credit-card records and other papers concerning Hayes's car-washing business; therefore, the trial court correctly denied Poff's motion for summary judgment on the trespass claim as it related to these items. But the accounting records, which belonged to the firm, which was a professional corporation, present the issue whether Hayes, who had an interest in the corporation, had a possessory interest in records owned and maintained by the corporation.
Poff argues that the claims alleging trespass to realty and trespass to personalty belonging to the firm must fail because Hayes filed the claim in his own name, although, Poff says, Hayes was not the sole possessor of the property. Alabama law regarding the sanctity of the corporate form is well settled:
 "[A] corporation is . . . an entity distinct from its stockholders. By its very nature the corporate property is vested *Page 240 
 in the corporation itself and not in the stockholders. The natural persons who procured its creation and have a pecuniary interest in it are not the corporation."
Martin Truck Line, Inc. v. Alabama Tank Lines, Inc., 261 Ala. 163,166, 73 So.2d 756, 759 (1954); see also Pinkerton v.Pinkerton, 548 So.2d 449, 450 (Ala. 1989); see generally, § 10-2B-3.02, Ala. Code 1975. The corporate records that Poff photocopied, located on the firm's premises, were in the exclusive possession of the firm, which was a professional corporation and which had an identity distinct from Hayes, who was one of its shareholders. Thus, Hayes was not entitled to prosecute the claim alleging trespass to chattels that belonged to, and were in exclusive possession of, the corporation in which he was a shareholder. Accordingly, we reverse the trial court's judgment for Hayes insofar as it related to this claim alleging trespass to chattels. On this claim, we render a judgment for Poff.
 B.
Hayes also claims that Poff trespassed on real property when he entered the bookkeeper's office and when he opened Hayes's locked credenza. Hayes claims Poff was not authorized to enter either the bookkeeper's office or the credenza in Hayes's office and to copy documents found there. We must decide an issue similar to one of the questions decided in Part A — Was Hayes in possession of the corporate realty upon which he says Poff trespassed?
Trespass to real property is similar to trespass to chattels in that trespass, generally, "is a wrong against the right of possession." Jefferies v. Bush, 608 So.2d 361, 362 (Ala. 1992). Poff's intrusion into Hayes's credenza and into the bookkeeper's office was an interference with corporate property. Because a claim based on that interference can be brought only by the corporation that owned and possessed the property, see Part III.A., supra, Hayes is not entitled to prosecute this claim. To the extent the judgment related to the claim alleging trespass to realty, the judgment is reversed. A judgment is rendered for Poff on that claim.
 IV.
Hayes alleges that Poff committed the tort of malicious prosecution when he represented Deborah Taylor in a lawsuit against Hayes. That lawsuit ended with a summary judgment in Hayes's favor.[3] A plaintiff must prove five elements in a claim alleging malicious prosecution: (1) that a prior judicial proceeding was initiated by the present defendant; (2) the lack of probable cause in the institution of that prior proceeding; (3) malice on the part of the present defendant in instituting that prior proceeding; (4) termination of the prior judicial proceeding favorably to the present plaintiff; and, (5) damage to the present plaintiff occurring as a result of that prior proceeding. Empiregas, Inc. of Elberta v. Feely, 524 So.2d 626,627 (Ala. 1988). Poff's sole argument regarding the trial court's denial of his summary-judgment motion as it related to the malicious-prosecution claim is that the record contains no evidence indicating that he *Page 241 
initiated the action filed by Deborah Taylor.
Poff argues that Hayes's malicious-prosecution claim must fail because, Poff says, he had no part in filing Taylor's action. He contends that he had no knowledge that the action was even filed until he read a story about it in a newspaper. We find this contention inaccurate and reject it.
A cause of action for malicious prosecution is not limited to the situation where the present defendant initiated the prior proceeding; it also arises in the situation where the present defendant continued the prior proceeding without probable cause,see Hudson v. Chancey. 385 So.2d 61, 62 (Ala.Civ.App. 1980), and one can be held liable for malicious prosecution when he "takes some active part in the instigation or encouraging of the prosecution." W. Page Keeton, Prosser and Keeton on Torts, § 119 (5th ed. 1984). "Tak[ing] some active part" includes advising or assisting another person to begin the proceeding and actively directing or aiding in the conduct of it. Id.
Although Poff may not have played any part in initiating Taylor's action, he participated in that action as Taylor's attorney and thus was certainly involved in its continuing prosecution. His representation of Taylor raises at least an inference that he actively assisted her and vigorously directed and aided the conduct of the prior case in a manner consistent with his role as her advocate. Thus, we must reject Poff's argument that Hayes cannot meet the first element of a malicious-prosecution claim. The trial court correctly denied Poff's summary-judgment motion directed to this claim.[4]
 V.
Hayes also made claims against Poff alleging libel and slander. Poff argues that the trial court should have entered a summary judgment for him on these claims because of imprecise pleading in Hayes's complaint. Specifically, Poff argues that the statutory limitations period had expired on these claims. The basis for this argument is found in Hayes's complaint, which states: "Plaintiff claims that on or about June 16, 1994 and on many other numerous occasions the Defendant libeled and slandered the Plaintiff." Poff argues that the complaint pertains solely to acts committed on June 16, 1994, and that the phrase "and on many other numerous occasions" has no legal significance.
Our construction of Hayes's pleadings is governed by Rule 8(f), Ala.R.Civ.P., which states that "[a]ll pleadings shall be so construed as to do substantial justice." "In order to do substantial justice, pleadings are to be construed liberally in favor of the pleader." Waters v. Jolly, 582 So.2d 1048, 1055
(Ala. 1991); see also Rule 8, Ala.R.Civ.P., Committee Comments. Whether the trial court should have entered a summary judgment in favor of Poff ultimately depends on how we construe Hayes's complaint. We must disagree with Poff's assertion that the vague language in the complaint regarding dates of publication — the phrase "and on many other numerous occasions" — is meaningless. We note that Hayes's original complaint was not his only pleading. The record shows that Hayes filed and served an amended complaint in response to a preanswer motion filed by Poff requesting a more definite statement. This second pleading alleges multiple acts of publication that a fact-finder could determine occurred on such dates that the fact-finder could further conclude that the action was filed well within the period allowed by the applicable statute of limitations. Consequently, we must reject Poff's argument based on the statute of limitations. *Page 242 
The statute of limitations for actions alleging libel or slander prescribes a period that runs from the date of publication — that is the date on which the injury to the plaintiff's reputation occurs and the cause of action is completed. SeeTonsmeire v. Tonsmeire, 285 Ala. 454, 455, 233 So.2d 465, 466
(1970). Moreover, every distinct publication of libelous or slanderous material gives rise to a separate cause of action, even if the material communicated by each publication relates to the same matter as the previous publications.[5] Age-HeraldPubl'g Co. v. Waterman, 188 Ala. 272, 278, 66 So. 16, 18 (1913).
The applicable statute of limitations allowed two years for filing the action. See § 6-5-38(k), Ala Code 1975. The undisputed evidence tends to show that two publications occurred within the two-year period before Hayes filed his action. The first publication was made in a letter dated January 29, 1996, and the second publication was made in a letter addressed to a Birmingham television station and dated February 26, 1996.[6]
Hayes filed the complaint on September 10, 1997. Consequently, we hold that Poff was not entitled to a judgment on Hayes's defamation claims. The trial court erred, however, in not limiting Hayes's defamation claims to the two publications that occurred within the two years preceding the date Hayes filed his complaint. The judgment is reversed insofar as it related to claims alleging defamation.
 VI.
The final issue presented is whether the trial court erred when it denied Poff a trial by jury. Poff included a jury demand in his answer to Hayes's complaint. We hold that the trial court did err in this regard.
The right to a jury trial is guaranteed by Ala. Const. of 1901, § 11. Rule 38, Ala.R.Civ.P., prescribes the method for exercising this right:
 "(b) Demand. Any party may demand a trial by jury of any issue triable of right by jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury."
(Emphasis added). Hayes argues in his brief that "Poff was served with the Summons and Complaint," and that "[a]ccording to Rule 38(b), Poff had thirty days from September 30, 1997, to file a jury demand." This argument is contrary to well-established Alabama law relating to the time within which a demand for jury trial can be made, and it is completely without merit. *Page 243 
According to Rule 38(b), the time allowed for filing a jury demand runs from the date of service of the "last pleading directed to such issue [i.e., the issue as to which a jury trial is sought]." The term "pleading," which is specifically used in Rule 38(b), Ala.R.Civ.P., is defined to include an answer filed by a defending party. Rule 7(a), Ala.R.Civ.P. "It is well recognized that where the complaint and answer are the only pleadings directed to the issues, the time for making a jury demand runs from the date of service of the answer." Dorcal, Inc.v. Xerox Corp., 398 So.2d 665, 669 (Ala. 1981); see also Ex parteReliance Ins. Co.,, 380 So.2d 266 (Ala. 1980); Champ Lyons, Jr.,Alabama Rules of Civil Procedure Annotated § 38.3 (3d ed. 1996); and C. Wright and A. Miller, Federal Practice and Procedure § 2320 (1971).
Poff included a jury demand with his answer, and under our Rules of Civil Procedure, his answer was clearly a "pleading" within the meaning of that word as it is used in Rule 38(b), and within the intent of that rule. Consequently, Poff's jury demand was timely. The trial court erred in striking it. This error requires that we reverse all portions of the judgment not already reversed, and remand the case for a trial by jury on those claims that we have held were appropriate for trial.
JUDGMENT REVERSED; JUDGMENT RENDERED ON THE CLAIMS ALLEGING TRESPASS TO REAL ESTATE, TRESPASS TO CHATTELS, AND CONVERSION; AND CAUSE REMANDED.
HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
[1] See Hayes v. Alabama State Bar, 719 So.2d 787 (Ala. 1998).
[2] The checks and credit-card statements related to Hayes's partial ownership and management of a car-washing business.
[3] Hayes's affidavit testimony accompanying his reply to Poff's motion for a summary judgment is the only evidence in the record regarding a favorable disposition of the action previously filed against him (i.e., the Taylor action). Alabama law regarding the admissibility of this evidence is well established: "The best evidence of a judicial proceeding is the record itself, or a copy where copies are admissible or must be used as proof of such records." Kroger Co. v. Puckett, 351 So.2d 582, 587
(Ala.Civ.App. 1977); see also Abingdon Mills v. Grogan, 167 Ala. 146,153-54, 52 So. 596, 599 (1910); Rule 1005, Ala. R. Evid.; Rule 44, Ala.R.Civ.P.; and Charles W. Gamble, McElroy's AlabamaEvidence, § 229.02(3) (5th ed. 1996). The record, however, shows that Poff never challenged the admissibility of this evidence; therefore, the evidence was properly admitted, Kroger Co., 351 So.2d at 588, and we may consider it.
[4] Poff has raised no issue, and has presented no argument, as to whether Hayes proved the other elements of his malicious-prosecution claim. Thus, the question whether those elements have been met is not before us. Our analysis, therefore, is limited to what we have heretofore addressed. See Bettisv. Thornton, 662 So.2d 256, 267 (Ala. 1995).
[5] The "single-publication" rule, generally applicable only to newspapers and similar media, is a notable exception to this general rule. That exception does not govern the resolution of this case, because of the nature of this defendant's alleged publications. An early statement of this exception is found inAge-Herald Publ'g Co. v. Huddleston, 207 Ala. 40, 92 So. 193
(1921). In that case, this Court held that "repetition or republication of [an] identical libel [and slander] is not a new cause of action for which a separate suit may be maintained, but is merely an aggravation of the pre-existing cause, and in proper cases may tend to show actual malice." Age-Herald Publ'g Co.,207 Ala. at 44, 92 So. at 197. Hayes essentially argues that this exception applies to this present case because in each publication, Poff, he says, communicated the same defamatory information. We find fault with this argument because the exception enunciated in Age-Herald Publ'g Co. only applies only to situations where subsequent acts of defamation are verbatim republications of previously made libelous or slanderous statements. See id. Age-Herald Publ'g Co. v. Huddleston is inapposite to the case before us because each of Poff's alleged publications was a separate communication distinct from all others allegedly made.
[6] The pleading Hayes filed after Poff's motion for a more definite statement merely set out these publications.