LYONS, Justice.
 

 Kenneth Wayne Sellers and Sharon Kay Sellers, the plaintiffs in an action in the Mobile Circuit Court, have filed a petition for a writ of mandamus requesting this Court to direct the trial court to vacate its order granting a motion filed by certain of the defendants to strike the Sellerses’ demand for a jury trial. We grant the petition and issue the writ.
 

 Factual Background and Procedural History
 

 On November 2, 2007, the Sellerses sued John W. Hall; S.C. Stagner; DHL, LLC (“DHL”); Alex T. Howard III; and several fictitiously named defendants, asserting claims based on several theories of trespass. Their complaint alleged the following facts. The Sellerses owned real property that shared a common boundary line with property owned by DHL. A large “dirt pit” was located on DHL’s property near the common boundary line. In January 2006, the defendants entered the Sell-erses’ property and removed large amounts of dirt, expanding the dirt pit on DHL’s property “thousands of yards” onto the Sellerses’ property. The Sellerses did not demand a jury trial in the complaint.
 

 Counsel representing each of the defendants filed notices of appearance in late 2007 and early 2008; however, none of the named defendants answered the complaint during that time. On March 14, 2008, a nonparty, S.C. Stagner Contracting, Inc., filed an answer in which it averred that the Sellerses had “incorrectly identified [it] in the complaint as S.C. Stagner.” On June 13, 2008, before any of the named defendants had answered the complaint,
 
 *667
 
 the Sellerses filed a demand for a jury trial, stating that they “demanded] trial by jury on all issues so triable.”
 

 DHL and Howard answered the complaint on June 17, 2008. On July 15, 2008, they moved to strike the Sellerses’ jury demand as untimely. They argued that the complaint did not request a jury trial, that none of the defendants had requested a jury trial, that the demand for a jury trial had been filed nearly four months after all defendants had “appeared by counsel,” and that the demand was “due to be denied pursuant to A.R.C.P.”
 

 The Sellerses responded to the motion on July 16, 2008, relying primarily Rule 38, Ala. R. Civ. P. On July 18, 2008, they amended their complaint to add new defendants Consumer Mortgage Company (“Consumer Mortgage”), Liberty Homes, Inc. (“Liberty Homes”), and S.C. Stagner Contracting, Inc. (“Stagner Contracting”). The amended complaint also added claims of negligence and conversion, alleging that the defendants had negligently removed the dirt from the Sellerses’ property and, in doing so, had converted the dirt that was removed. The amended complaint stated: “Plaintiffs have heretofor[e] demanded trial by jury.” Stagner Contracting and S.C. Stagner subsequently joined Howard and DHL’s motion to strike on July 22, 2008. They answered the amended complaint on August 1, 2008.
 

 On September 5, 2008, the trial court, without stating its reasoning, granted the motion to strike the Sellerses’ jury demand. On September 24, 2008, the Sell-erses petitioned this Court for a writ of mandamus directing the trial court to vacate that order. Hall, Consumer Mortgage, and Liberty Homes subsequently answered the amended complaint on October 14, 2008. While the Sellerses’ petition was pending in this Court, the parties settled the claims against DHL, Howard, Stagner Contracting, and S.C. Stagner. On June 21, 2009, this Court ordered the remaining defendants to file answers and briefs on the issue presented by the petition and granted the Sellerses time to file a reply.
 
 [1]
 

 Standard of Review
 

 “A petition for a writ of mandamus is the appropriate vehicle for seeking review by this Court of a denial of a demand for a jury trial. ‘Mandamus is an extraordinary remedy, however, requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
 
 Ex parte Jackson,
 
 737 So.2d 452, 453 (Ala.1999) (quoting
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991)). Because mandamus is an extraordinary remedy, the standard of review on a petition for a writ of mandamus is whether there is a clear showing of error on the part of the trial court.
 
 Ex parte Finance America Coup.,
 
 507 So.2d 458, 460 (Ala.1987).”
 

 Ex parte Atlantis Dev. Co.,
 
 897 So.2d 1022, 1024 (Ala.2004).
 

 Analysis
 

 Article I, § 11, Ala. Const.1901, provides that “the right of trial by jury shall remain inviolate.” Rule 38, Ala. R. Civ. P., establishes the procedures for invoking that right. It provides, in relevant part:
 

 “(a)
 
 Right preserved.
 
 The right of trial by jury as declared by the Constitution of Alabama or as given by a stat
 
 *668
 
 ute of this State shall be preserved to the parties inviolate.
 

 “(b)
 
 Demand.
 
 Any party may demand a trial by jury of any issue triable of light by a jury by serving upon the other parties a demand therefor in wilting
 
 at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue.
 
 Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury....
 

 [[Image here]]
 

 “(c)
 
 Same: Specification of issues.
 
 In the demand a party may specify the issues which the party wishes so tried;
 
 otherwise, the party shall be deemed to have demanded trial by jury for all the issues so
 
 triable....
 

 “(d)
 
 Waiver.
 
 The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury....”
 

 (Emphasis other than on headings added.)
 

 The Sellerses filed their demand for a jury trial after the commencement of their action and before any of the named defendants had filed or served pleadings directed to the issues raised in the complaint. The plain language of Rule 38(b) requires that the demand be filed “at any time after the commencement of the action and not later than thirty (30) days
 
 after the service of the last pleading directed to such issue.”
 
 (Emphasis added.)
 

 “The term ‘pleading,’ which is specifically used in Rule 38(b), Ala. R. Civ. P., is defined to include an answer filed by a defending party. Rule 7(a), Ala. R. Civ. P. ‘It is well recognized that where the complaint and answer are the only pleadings directed to the issues, the time for making a jury demand runs from the date of service of the answer.’
 
 Dorcal, Inc. v. Xerox Corp.,
 
 398 So.2d 665, 669 (Ala.1981).”
 

 Poff v. Hayes,
 
 763 So.2d 234, 243 (Ala.2000); see also 9 Charles A. Wright & Arthur R. Miller,
 
 Federal Practice & Procedure
 
 § 2320 (3d ed. 2008)(“On an issue in which all the defendants are interested, ... the time runs from service of the last answer.”). Because the Sellerses filed their jury demand
 
 before
 
 any of the then named defendants answered the complaint, their demand was timely. See, e.g., 9 Wright, § 2320 (“Of course, the demand may be served prior to the answer.”). The trial court erred in striking the demand.
 

 In response to the Sellerses’ petition, Hall, Consumer Mortgage, and Liberty Homes argue that the Sellerses’ statement in the amended complaint that they had “heretofor[e] demanded trial by jury” was “ineffective as a jury demand for the new claims asserted” in the amended complaint, i.e., the conversion and negligence claims. The statement in the amended complaint that the Sellerses had “heretoforfe] demand[ed] trial by jury” may fairly be read as an incorporation of and reliance on their previously filed jury demand. Moreover, nothing in Rule 38 requires plaintiffs who have filed a general, timely demand for a jury trial to file a new demand for a jury trial after amending the complaint or to restate an existing demand. Although this is the fust time this Court has had occasion to comment on this issue, courts interpreting and applying the comparable federal rule, Rule 38, Fed.R.Civ.P., have reached the same conclusion.
 
 [2]
 
 “Federal cases construing the Federal Rules of Civil Procedure are per
 
 *669
 
 suasive authority in construing the Alabama Rules of Civil Procedure, which were patterned after the Federal Rules of Civil Procedure.”
 
 Hilb, Rogal & Hamilton Co. v. Beiersdoerfer,
 
 989 So.2d 1045, 1056 n. 3 (Ala.2007). We find the reasoning of the federal cases compelling and likewise conclude that where plaintiffs have filed a general, timely demand for a jury trial, they are not required to file a new demand for a jury trial after amending the complaint under the circumstances here presented where “the same basic issues remain at the coi-e of the litigation.”
 
 Auwood v. Harry Brandt Booking Office, Inc.,
 
 100 F.R.D. 804, 806 (D.C.Conn.1984).
 

 The Sellerses did not specify which issues they wished to be tried before a jury. Accordingly, they are “deemed to have demanded trial by jury for all the issues so triable.” Rule 38(c).
 
 [3]
 
 As discussed above, their June 13, 2008, demand for a jury trial was timely. Although the amended corn-plaint added new parties and asserted new claims, the new claims were based on the same facts as those alleged in the original complaint, and the character of the action remained unchanged. Accordingly, the Sellerses were not required to file a new demand for a jury trial upon amending their complaint.
 

 Hall, Consumer Mortgage, and Liberty Homes argue that, because the amended complaint asserted new claims, the Sellers-es had a new 30-day period from the filing of the amended complaint within which they were required to file a jury demand as to the new claims, citing 2 C. Lyons,
 
 Alabama Rules of Civil Procedure Annotated,
 
 Author’s Comments § 38.6 (2004). However, the new time period Hall, Consumer Mortgage, and Liberty Homes reference arises only when the plaintiff has previously waived the right to a jury trial.
 
 [4]
 
 Because the June 13, 2008, general jury demand was timely, we need not consider
 
 *670
 
 whether the amended complaint raised new issues as in a case where, as to the issues raised in the original complaint, the right to a jury trial has been waived.
 

 Conclusion
 

 The Sellerses have shown “(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and. (4) properly invoked jurisdiction of the court.”
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991). We therefore grant the Sellerses petition for a writ of mandamus and direct the trial court to vacate its order granting the motion to strike the jury demand.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . In their answer to the petition, the remaining defendants have advanced the position that the Sellerses' demand for a jury trial was insufficient.
 

 [2]
 

 . See, e.g.,
 
 Williams v. Agilent Techs.,
 
 (No. 04-1810 MMC, Dec. 10, 2004) (N.D.Cal.2004) (not published in F.Supp.2d) (“While the [first amended complaint] included additional legal
 
 *669
 
 claims against defendant, the new claims are based on the 'same matrix of facts’ alleged in the original complaint, and, consequently, plaintiffs were not required to restate their jury demand after defendant answered the [first amended complaint].”);
 
 Auwood v. Harry Brandt Booking Office, Inc.,
 
 100 F.R.D. 804, 806 (D.C.Conn.1984)("The general jury demand in the original complaint ought to embrace later elaborations of the claim and additional defendants, so long as the character of the suit is not thereby changed. As a prior waiver cannot be rescinded by amendments which do not affect the basic character of the suit,
 
 Lanza v. Drexel,
 
 479 F.2d 1277 (2d Cir.1973) (en banc), neither should a party be required to reassert, on pain of waiver, a previously stated juty demand in successive amendments, whether they add parties or not, so long as the same basic issues remain at the core of the litigation. Once a party has claimed a jury trial, all issues within that claim are to be tried to the jury whether extended to new parlies and whether restated, as long as the substance of the claim is unchanged.”);
 
 Jackson v. Airways Parking Co.,
 
 297 F.Supp. 1366, 1383 (D.C.Ga.1969)("Of course, had a general and timely demand for jury trial been made by the plaintiff, no new demand would have been necessary even though the amendment raises new issues, ‘since the general demand embraces all issues in an action that are triable by a juty.’ 5 Moore, ¶ 38.41, at 326.”); see also 9 Wright,
 
 Federal Practice & Procedure
 
 § 2320 ("[I]f a general demand already has been made, a new demand after the amendment is not required.”).
 

 [3]
 

 . No party has asserted either below or before this Court that the Sellerses raised issues, either in their complaint or in their amended complaint, that are not "triable of right by a juty” within the meaning of Rule 38(b), Ala. R. Civ. P.
 

 [4]
 

 . See, e.g.,
 
 Ex parte Twintech Industries, Inc.,
 
 558 So.2d 923, 925 (Ala.1990), in which this Court stated:
 

 "This Court has held that the filing of an amendment that raises
 
 new
 
 legal issues invokes the 30-day period set out in Rule 38(b)[, Ala. R. Civ. P.J.
 
 Ex parte Reynolds,
 
 447 So.2d 701, 703 (Ala.1984). Therefore, upon the filing of such an amendment, a party has tire right to demand a juty trial,
 
 *670
 
 and such a demand is timely if made within 30 days after service of the last pleading directed to those new issues.
 
 Id.
 

 "However, in
 
 Washington v. Walton,
 
 423 So.2d 176 (Ala.1982), this Court quoted the following comment with approval:
 

 " ‘ "An amended or supplemental pleading sets in motion the thirty-day time period for demanding a jury trial for new issues raised in that pleading.
 
 However, the service of an amendment does not breathe new life into a previously waived right to jwy trial if the amendment deals with the same issues framed in the original pleadings as to which a waiver has occurred.” '
 
 (Citations omitted, emphasis in
 
 Washington.)
 

 "Washington, supra,
 
 at 179 (quoting 2 C. Lyons,
 
 Alabama Practice-Rules of Civil Procedure Annotated,
 
 Author’s Comments § 38.5 (1973)).”