MOORE, Judge.
Curtis Fessler appeals from a judgment of the Lee Circuit Court (“the trial court”) awarding David Miller compensatory damages following a bench trial. Fessler contends that the trial court erred in denying his demand for a trial by jury. We affirm.
On October 1, 2009, Miller filed a complaint against Fessler seeking $25,182.78 in damages for breach of contract, money had and received, money paid by mistake, and money lent. Fessler, through his attorney of record, moved to dismiss the complaint on November 12, 2009. On December 4, 2009, the trial court denied the motion to dismiss and scheduled the case for trial on March 9, 2010. The trial court subsequently allowed Fessler’s attorney to withdraw from the case on December 21, 2009, but reminded the parties of the scheduled trial date. .On March 8, 2010, the day before trial, Fessler, acting pro se, filed his answer to the complaint. In that answer, which did not contain a certificate of service on Miller, Fessler demanded a trial by jury, on all claims.
On March 9, 2010, at the outset of the trial, Fessler indicated that he was under the impression that he had until the time of the trial to, demand a jury. The trial court, mistakenly believing Fessler had filed an . answer through his original attorney of record, informed Fessler that the time for filing the jury demand had long passed and’ that he could not file a jury demand the day before trial because it would result in the cancellation of the bench trial. The case then proceeded to a trial without a jury. Following the trial, on March 15, 2010, the trial court entered judgment for Miller in the amount of $25,132.78. Fessler then timely appealed to this court.
Article I, § 11, Ala. Const, of 1901, provides that the “right of trial by jury shall remain inviolate.”[1] Rule 38, Ala. R. Civ. P., establishes the procedure for invoking that right. Ex parte Sellers, 31 So.3d 665, 667 (Ala.2009). Rule 38(b), Ala. R. Civ. P., provides, in pertinent part:
“Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue....”
Fessler argues that he complied with Rule 38(b) because he filed his jury-trial demand in the answer he filed on March 8, 2010, which was the last pleading, directed to the issues for which he sought a jury *744 trial. See Poff v. Hayes, 763 So.2d 234, 243 (Ala.2000); and Dorcal, Inc. v. Xerox Corp., 398 So.2d 665, 669 (Ala.1981).
However, pursuant to Rule 38(b), a party may make a jury demand only by “serving upon the other parties a demand therefor in writing.” Rule 38(d), Ala. R. Civ. P., provides: “The failure of a party to serve a demand as required by this rule and to file it as required by [Ala. R. Civ. P.] 5(d) constitutes a waiver by the party of trial by jury.” Rule 5(d), Ala. R. Civ. P., provides, in pertinent part:
“All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court either before service or within a reasonable time thereafter....
“A certificate of service shall list the names and addresses, including the email addresses of registered electronic-filing-system. users, if known, of all attorneys or pro se parties upon whom the paper has been served.”
It is undisputed that Fessler did not include a certificate of service in his answer and that Miller and his attorney did not receive any notice of the jury demand until just before the trial commenced. Based on the plain language of Rule 38(d) and Rule 5(d), Fessler waived any right he had to a trial by jury because he did not properly serve the jury-trial demand upon Miller or properly file a certificate of service of the jury-trial demand with the court.[2]
“[T]his Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.” Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003). Although not expressly considered by the trial court, the lack of proper filing and service amounted to a valid legal ground for denying Fes-sler’s jury-trial demand. Hence, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. That constitutional provision does not create a right to a trial by jury, but, rather, it preserves the common-law right to a trial by jury as it existed before the adoption of the Alabama Constitution. Thus, that provision does not give a litigant a right to a, trial by jury on claims and issues that theretofore had not been triable by jury, such as equitable claims. See Finance, Inv. & Rediscount Co. v. Wells, 409 So.2d 1341, 1343 (Ala.1981). Based on our disposition of this case, we do not decide whether Fessler had a right to a trial by jury on any or all of the claims asserted in the complaint.

. Federal and state courts construing their respective versions of Rule 38 have also reached similar conclusions. See Wall v. National R.R. Passenger Corp., 718 F.2d 906 (9th Cir.1983) (checking jury-demand box on civil cover sheet, which was not served on opposing party, was not proper jury demand); McNabb v. Kansas City Life Ins. Co., 139 F.2d 591, 595 (8th Cir.1943) ("Failure to serve such a demand is a legal waiver, whether it is inadvertent or intentional.”); Sackett v. Santilli, 101 Wash.App. 128, 5 P.3d 11 (2000), aff’d, 146 Wash.2d 498, 47 P.3d 948 (2002) (holding waiver rule to be constitutional); and In re G.P., 679 P.2d 976 (Wyo.1984).